CHARLES E. SHATTUCK, trustee, *vs.* MARY E. BALCOM
& others.

Worcester.    October 7, 1897. — January 14, 1898.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, & MORTON, JJ.

*Will — Trust — Payment of Income.*

A testator gave by will the residue of his estate to a trust company, in trust to pay the income to his children G. and J., and to G. as trustee for his daughter S., and to G. as trustee for his daughter E., " in even and equal portions, one fourth to each for and during the lives and the life of the survivor of them, and likewise during the life of the said S. and E. and the survivor of them, the child or children of either of them deceased to receive the portion which would have belonged to said deceased child, saving and excepting the child or children of E., until the decease of the last surviving one of my said four children "; and at the decease of the last surviving child " to pay over what may then remain unexpended thereof in the hands of the " trust company " to and among the children of G., S., and J., share and share alike, the child or children of any child of said G., S., and J. to take by right of representation." By a later item the testator gave a fourth part of the income above mentioned to G., in trust to invest and pay the income arising therefrom to S. during life, at his discretion, and to pay over to her, as he might deem expedient, any portion of the accrued principal resulting from the investment of a fourth part of the original income, and upon the decease of S. " to pay over the unexpended balance to the children of " G., S., and J., " share and share alike, the child or children of any child or children of the said G., S., and J. to take by right of representation, and from and after the decease of the said S. I order and direct that the income herein ordered to be paid to her be paid by my said trustee or his successor in said ratio until the death of the last of my four said children, at which time the residuum of my estate will be divided in the manner hereinbefore directed." *Held,* on the death of S. leaving an only surviving child, D., that from the whole will it appeared that it was the intention of the testator that the income which the trust company was directed to pay to the sub-trustee for the benefit of S. during her life should continue to be paid to the sub-trustee, and should be divided by him as received, share and share alike, between her child D. and the children of G. and J.

PETITION to the judge of probate of the county of Worcester, by Charles E. Shattuck, trustee under certain items of the will of James H. Wall, praying for instructions as to his duties thereunder. Trial in this court, on appeal, before *Barker,* J., who reserved the case for the consideration of the full court, in substance as follows.

By item 14, the testator gave to George F. Wall five thousand dollars, in trust: " 2. The income thereof, as it shall be-

come due and payable and be received by him, to pay over to my daughter Sarah Elizabeth Balcom, formerly the wife of Sumner W. Balcom, for and during her life.  3.  In addition to said income, said trustee or his successor is hereby authorized to pay over any part of the principal sum at any time to the said Sarah Elizabeth Balcom, when he shall regard such payment wise and expedient and demanded by the needs and necessities of the beneficiary.  4. If at the decease of the said Sarah Elizabeth Balcom any part of said principal shall remain unexpended or unpaid, to pay over such balance to the children of the said Sarah Elizabeth Balcom, George F. Wall, and James H. Wall, Jr., share and share alike, free and discharged of this trust."

By item 15, he gave to George F. Wall five thousand dollars, in trust : " 2.  The income thereof, as it shall become due and payable and be received by him, to pay over to my daughter Emma Isabella Connell, if, in the exercise of a wise discretion, it shall seem to him proper so to do.  3.  In addition to said income said trustee or his successor is hereby authorized and empowered to pay over any portion of the principal at any time to the said Emma Isabella Connell as, in his opinion, her needs require it, it being my object to put the disposition of this trust fund, principal and interest, in the hands of said trustee to be used for the benefit of my said daughter Emma Isabella Connell, at his discretion. 4. If at the decease of my said daughter Emma Isabella Connell, any part or portion of said principal shall remain unpaid or unexpended, to pay over such balance to the children of Sarah Elizabeth Balcom, George F. Wall, and James H. Wall, Jr., share and share alike, free and discharged of this trust."

By item 18 he gave the residue of his estate, " including all remainders and reversions," to the Boston Safe Deposit and Trust Company, in trust : " 2. All the rents, profits, issues, and income thereof, . . . to pay over to my children, George F. Wall, James H. Wall, Jr., and George F. Wall, as he will be trustee for my daughter Sarah Elizabeth Balcom, in terms to be hereinafter set forth, and George F. Wall, as he will be trustee for my daughter Emma Isabella Connell, in terms to be hereinafter set forth, in even and equal portions, one fourth to each for and during the lives and the life of the survivor of them, and likewise during the life of the said Sarah Elizabeth Balcom and Emma Isa-

bella Connell and the survivor of them, the child or children of either of them deceased, to receive the portion which would have belonged to said deceased child, saving and excepting the child or children of Emma Isabella Connell, until the decease of the last surviving one of my said four children, George F. Wall, James H. Wall, Jr., and Sarah Elizabeth Balcom, and Emma Isabella Connell. 3. At the decease of the last surviving one of my said four children, George F. Wall, Sarah Elizabeth Balcom, James H. Wall, Jr., and Emma Isabella Connell, to· pay over what may then remain unexpended thereof in the· hands of the said Boston Safe Deposit and Trust Company,, trustee as aforesaid, to and among the children of George F.. Wall, Sarah Elizabeth Balcom, and James H. Wall, Jr., share· and share alike, the child or children of any child of said George· F. Wall, Sarah Elizabeth Balcom, and James H. Wall, Jr.,·to· take by right of representation."

By item 20 he gave to George F. Wall a fourth part of' the rents, profits, issues, and income mentioned in section 2 of item 18, and his legal representatives, in trust: " 1. The same to hold, manage, invest, and reinvest in such manner and form as he, in the exercise of a sound judgment, shall deem wise and prudent. . . . 2. The income arising from the fourth part of said rents, profits, issues, and income, so paid to him, as it shall become due and payable and be received by him, to pay over to my daughter, Sarah Elizabeth Balcom, for and during her life, at his discretion. 3. If at any time it shall seem to my trustee expedient to pay over to my said daughter, Sarah Elizabeth Balcom, any portion of the accrued principal resulting from the reception and retention or investment of the fourth part of the rents, issues, and profits above referred to, to relieve her necessities or lighten her burdens, he is hereby authorized so to do. 4. Upon the decease of the said Sarah Elizabeth Balcom, to pay over the unexpended balance to the children of my three children, George F. Wall, Sarah Elizabeth Balcom, and James H. Wall, Jr., share and share alike, the child or children of any child or children of the said George F. Wall, Sarah Elizabeth Balcom, and James H. Wall, Jr., to take by right of representation, and from and after the decease of the said Sarah Elizabeth Balcom, I order and direct that the income herein

ordered to be paid to her, be paid by my said trustee or his successor, in said ratio until the death of the last of my four said children, at which time the residuum of my estate will be divided in the manner hereinbefore directed."

By item 21 he gave to George F. Wall a fourth part of the rents, profits, issues, and income mentioned in section 2 of item 18, and his legal representatives, in trust: "1. The same to hold, manage, invest, and reinvest, in such manner and form as he, in the exercise of a sound judgment, shall deem wise and prudent. . . . 2. The income arising from the fourth part of said rents, profits, issues, and income, so paid to him as it shall become due and payable and be received by him, to pay over to my daughter, Emma Isabella Connell, for and during her life, at his discretion. 3. If at any time it shall seem to my trustee expedient to pay over to my said daughter, Emma Isabella Connell, any portion of the accrued principal resulting from the reception and retention or investment of the fourth part of the rents, issues, and profits above referred to, to relieve her necessities or lighten her burdens, he is hereby authorized so to do. 4. Upon the decease of the said Emma Isabella Connell, to pay over the unexpended balance to the children of my three children, George F. Wall, Sarah Elizabeth Balcom, and James H. Wall, Jr., share and share alike, the child or children of any child or children of the said George F. Wall, Sarah Elizabeth Balcom, and James H. Wall, Jr., to take by right of representation, and from and after the decease of the said Emma Isabella Connell, I order and direct that the income herein ordered to be paid to her, be paid by my said trustee or his successor, in said ratio until the death of the last of my four said children, at which time the residuum of my estate will be divided in the manner hereinbefore directed."

The petition alleged that on October 29, 1896, Sarah E. Balcom deceased, leaving as her sole surviving child the appellant Mary E. Balcom (now Mrs. Dunlop) ; " that during the life of the said Sarah E. Balcom, your petitioner did from time to time, in exercise of the discretion conferred upon him as trustee by the provisions of the third clause of the twentieth item of said will, as interpreted by this court in a decree upon a bill for instructions heretofore filed by your petitioner, pay over to the

said Sarah E. Balcom all the rents, profits, issues, and income received by him as such trustee from the Boston Safe Deposit and Trust Company under the provisions of the second clause of the eighteenth item of said will, except the amount retained by him as compensation for his services as trustee, and except a small balance which your petitioner has already distributed to the respondents Mary E. Balcom, James H. Wall, Jr., Sarah I. Wall, (the two last named being the only children of George F. Wall,) Maude Chesley Bour, and Joseph A. Wall, (being the only children of James H. Wall, called in the will James H. Wall, Jr.,) under the provisions of the first part of clause four of item twentieth of said will. But since the death of said Sarah E. Balcom your petitioner has received from said Boston Safe Deposit and Trust Company, under the provisions of said second clause of said eighteenth item of said will, the sum of four hundred ninety-five dollars ; and that your petitioner has said sum now in his hands as such trustee ; said sum being one of the quarterly payments referred to in the next paragraph hereof.

"That since the petitioner has been trustee under item 20 of said will the sum received by your petitioner as trustee under said item 20 from the Boston Safe Deposit and Trust Company, trustee under said item 18, has been about fifteen hundred dollars per annum, paid in quarterly instalments ; and that your petitioner is likely in the future to receive about fifteen hundred dollars per annum from said Boston Safe Deposit and Trust Company under said eighteenth item.

" That your petitioner is now required to determine the following questions relating to the administration of said trust under the provisions of said eighteenth and twentieth items of said will, to wit : 1. To whom shall your petitioner, as trustee under said twentieth item, make payments or distribution of the fund now in his hands, and of moneys to be received by him in the future from the Boston Safe Deposit and Trust Company under the provisions of item 18 of said will ? and in what shares or proportions shall he make said distribution or payments ? 2. What shall your petitioner pay under said item 20 ? that is to say, shall he pay the principal of the fund now held by him and to be hereafter received from the Boston Safe Deposit and Trust Company under the provisions of said eighteenth item, or

the income thereof, or the income and portions of the principal? 3. Has your petitioner any discretion as to the times, amounts, shares, or proportions of payments under said twentieth item?"*

*C. E. Shattuck*, *pro se*, read the papers in the case.

*A. Poor*, for the appellant.

*H. E. Hill*, for James H. Wall, Jr. and Sarah I. Wall.

*W. G. Thompson*, for Maude C. Bour and Joseph A. Wall, children of James H. Wall, Jr.

*T. H. Gage, Jr.*, for other respondents, and guardian *ad litem* for persons not ascertained or not in being, submitted the case on a brief.

MORTON, J.   The first question in this case is what interest Mrs. Dunlop takes under her grandfather's will.   She is the only surviving child of Sarah Elizabeth Balcom, deceased, who was a daughter of the testator, and a beneficiary under items 18 and 20 of his will, as well as under item 14.   The answer to the question involves the construction of items 18 and 20. Mrs. Dunlop's contention is that she takes the one fourth of the net income which, by clause 2 of item 18, the principal trustee was directed to pay over to a sub-trustee for her mother.   She also contends that the sub-trust has come to an end, and that the income should be paid to her directly by the principal trustee.   We think that neither contention can be sustained.

The principal trustee is directed by clause 2, item 18, to pay over one fourth of the net income to "George F. Wall as he will be trustee for my daughter Sarah Elizabeth Balcom in terms to be hereinafter set forth."   These terms evidently are contained in item 20.   Clause 4 of that item expressly directs that after the death of Sarah Elizabeth Balcom, the income shall be paid by the sub-trustee "or his successor" as therein directed till the death of the last of the testator's four children. This implies a continuance of the trust till that event.   The same implication would seem to result from the direction in clause 2, item 18, to the principal trustee, that payments should be made as therein provided "for and during the lives and the life of the survivor of them [the testator's children], and like-

---

* Another question arising under this will was decided by the court in *Evans* v. *Wall*, 159 Mass. 164.

wise during the life of the said Sarah Elizabeth Balcom and Emma Isabella Connell and the survivor of them."

The continuance of the sub-trust would not necessarily defeat Mrs. Dunlop's claim to the income. It might be possible that the sub-trustee would receive it for her. But the testator directs that after Mrs. Balcom's death the income shall be paid " by my said trustee or his successor," not to her child or children, as would naturally have been the case if they were to receive it, but " in said ratio." From the connection in which it is found, we think that the word " ratio " imports a payment to certain persons in certain proportions. Unless this construction is given to it, the direction regarding the payment of the income after the death of Mrs. Balcom would seem to be void for uncertainty.

, The word " said " refers to some antecedent provision, and we think that the reference naturally is to that relating to. the persons and proportions to whom and in which " the unexpended balance " referred to in the earlier part of clause 4 is to be paid, namely, " the children of my three children, George F. Wall, Sarah Elizabeth Balcom, and James H. Wall, Jr., share and share alike, the child or children of any child or children of the said George F. Wall, Sarah Elizabeth Balcom, and James H. Wall, Jr., to take by right of representation." This construction leads to an apparent repugnancy between clause 2, in item 18, and clause 4, in item 20, respectively, and it becomes necessary to consider the former.

It is to be assumed that the testator intended the different provisions of his will to be consistent with one another. They are to be construed, if they reasonably can be, consistently with the testator's intention, so as to avoid repugnancy. In case of irreconcilable differences, a clear and unambiguous provision, coming later in the will, controls, as being more likely to express the final purpose of the testator. For the purpose of arriving at the testator's intention in respect to any particular portion or portions of the will which are doubtful, the whole instrument will be considered. *Dawes* v. *Swan*, 4 Mass. 208. *Homer* v. *Shelton*, 2 Met. 194, 202. *Williams* v. *Bradley*, 3 Allen, 270, 282. *Pratt* v. *Rice*, 7 Cush. 209, 212. *Claflin* v. *Ashton*, 128 Mass. 441. Jarm. Wills, (4th Am. ed.) 411. 1 Redfield, Wills, (4th ed.) 443 *et seq.*

Taking the will as a whole, it is apparent, first, that the testator intended to dispose of the whole of his estate; secondly, that he gave the rest and residue, " including all remainders and reversions," to the children of the two sons and of Mrs. Balcom, excluding the children of Mrs. Connell, and intended substantial equality between them; and thirdly, that he distinguished between his sons and daughters by giving to the former absolutely, and to the latter in trust, with remainders over.

Turning now to clause 2, item 18, we think that the provision in it " the child or children of either of them deceased to receive the portion which would have belonged to said deceased child, saving and excepting the child or children of Emma Isabella Connell," must be construed to mean either the child or children of George F. Wall and James H. Wall, Jr., or to provide for the case of the death before the testator of the sons, or of Mrs. Balcom, leaving children. Otherwise the child or children of Mrs. Balcom, in case she died after the testator, would take to the exclusion of those referred to in clause 4, item 20, and contrary to the intention of the testator as manifested in clauses 4, items 14 and 15, that in such an event her child or children should take only as members of the same class which, according to our construction, is referred to in clauses 4, items 20 and 21. We think that of the two constructions referred to above, the latter is more natural and reasonable. The implication from the exception respecting Mrs. Connell's children is quite strong that no other exception as to the children of the two sons and of Mrs. Balcom was intended, and unless such a construction is adopted the child or children of Mrs. Balcom, in case she died before the testator, would take nothing, except to the extent to which they would share in what was left at Mrs. Connell's decease if she died before them, until the rest and residue was divided; that is, not till the death of the last survivor of the testator's four children. We find nothing in the will which shows that the testator intended such a result. Whether in case of the death of one of the sons after the testator, leaving children, and a brother or sister surviving him, the share of the income given to him would be paid to his children is not before us, and does not affect, we think, the question which we are considering. For it is plain that the testator distinguished

between his sons and his daughters in favor of the former, and that fact well might be held to operate to the advantage of the son's children, without affecting the question as to what Mrs. Balcom's child or children would take after her death in the income paid to the sub-trustee for her, or without substantially disturbing the testator's scheme of equality in the disposition of the rest or residue. The result therefore, on this branch of the case, is that the income is to be divided between Mrs. Dunlop and the children of George F. Wall and James H. Wall, Jr., " share and share alike."

The remaining question is, What income is to be thus divided? According to the terms of the sub-trust as set forth in item 20, the sub-trustee was to invest the income received by him and pay over the income derived therefrom to Mrs. Balcom, with such portion of the accrued principal resulting from such investment as he might deem expedient for the purpose of relieving her necessities, and after her death " to pay over the unexpended balance " to her children and the children of her brothers, share and share alike. At her death there was a small unexpended balance, consisting of accrued principal and income, which has been paid without objection as directed; namely, to Mrs. Dunlop and the children of George F. Wall and James H. Wall, Jr. The children of Mrs. Connell contend that the income which is to be paid over is the income which the sub-trustee was directed to pay to Mrs. Balcom during her life, namely, the income of the income. It is admitted on all hands that not only in Mrs. Balcom's case, but in Mrs. Connell's also, if she should die before either of her brothers, this construction would result in an intestacy as to the principal which thus would be accumulated. That of itself is an argument against it, and there is the further objection that it would defeat the intention of the testator in regard to Mrs. Connell's children, by giving them a share in the proceeds of the rest and residue. Again, it hardly would seem reasonable to suppose that the testator intended a further accumulation of income, after directing that on Mrs. Balcom's death the unexpended balance, meaning thereby the balance of the accrued principal and income, should be paid over to the ultimate beneficiaries. Still further, no intention is manifested on the part of the testator to accumulate a fund for

the necessities of the children of Mrs. Balcom and of the sons, as there is in Mrs. Balcom's case, and there is no reason therefore for construing the word " income " as meaning the income which the sub-trustee was directed to pay to her.   We think, therefore, that by the words " income herein ordered to be paid to her," in the 20th item, clause 4, is meant the income which the principal trustee is ordered by clause 2, item 18, to pay to the sub-trustee for Mrs. Balcom, and that the sub-trustee has no discretion as to its payment, but is bound to pay it over as he receives it.                              *Decree accordingly.*