BOSTON SAFE DEPOSIT AND TRUST COMPANY, trustee,
*vs.* GEORGE F. WALL & another.

Worcester.   March 23, 1899. — July 6, 1899.

Present: HOLMES, KNOWLTON, MORTON, LATHROP, & HAMMOND, JJ.

*Will — Trust — Payment of Income.*

A testator gave by will the residue of his estate to a trust company, in trust to pay the income to his children G. and J., and to G. as trustee for his daughter S., and to G. as trustee for his daughter E., " in even and equal portions, one fourth to each, for and during the lives and the life of the survivor of them, and likewise during the life of the said S. and E. and the survivor of them, the child or children of either of them deceased, to receive the portion which would have belonged to said deceased child, saving and excepting the child or children of E., until the decease of the last surviving one of my said four children."  *Held,* that the expression " child or children of either of them deceased " referred only to the child or children of G. and J., and that on the death of J. leaving two children surviving him, the children should take the portion payable to J. during his lifetime.

The construction of the words " child or children of either of them deceased " which was adopted when this will was before the court in the case of *Shattuck v. Balcom,* 170 Mass. 245, is reconsidered and rejected.

PETITION to the judge of probate of the county of Worcester, by the trustee under certain items of the will of James H. Wall,

praying for instructions as to his duties thereunder. Trial in this court, on appeal, before *Hammond*, J., who reserved the case for the consideration of the full court, in substance as follows.

By item 18, the testator gave the residue of his estate to the Boston Safe Deposit and Trust Company, in trust: " 2. All the rents, profits, issues, and income thereof, . . . to pay over to my children, George F. Wall, James H. Wall, Jr., and George F. Wall, as he will be trustee for my daughter Sarah Elizabeth Balcom, in terms to be hereinafter set forth, and George F. Wall, as he will be trustee for my daughter Emma Isabella Connell, in terms to be hereinafter set forth, in even and equal portions, one fourth to each, for and during the lives and the life of the survivor of them, and likewise during the life of the said Sarah Elizabeth Balcom and Emma Isabella Connell, and the survivor of them, the child or children of either of them deceased, to receive the portion which would have belonged to said deceased child, saving and excepting the child or children of Emma Isabella Connell, until the decease of the last surviving one of my said four children, George F. Wall, James H. Wall, Jr., and Sarah Elizabeth Balcom, and Emma Isabella Connell."

By item 20 he provided " 4. Upon the decease of the said Sarah Elizabeth Balcom, to pay over the unexpended balance to the children of my three children, George F. Wall, Sarah Elizabeth Balcom, and James H. Wall, Jr., share and share alike, the child or children of any child or children of the said George F. Wall, said Sarah Elizabeth Balcom, and James H. Wall, Jr., to take by right of representation, and from and after the decease of Sarah Elizabeth Balcom, I order and direct that the income herein ordered to be paid to her, be paid by my said trustee or his successor, in said ratio until the death of the last of my four said children, at which time the residuum of my estate will be divided in the manner hereinbefore directed."

By item 21, he provided for a similar disposition in the case of the decease of Emma Isabella Connell.

No provision other than that in item 18 was contained in the will, with regard to the disposition, upon the decease of George

F. Wall, and James H. Wall, Jr., of the shares of income payable to them during their lives.

The petition alleged that on January 19, 1898, James H. Wall, Jr., a son of the testator, died, leaving a widow, Abby A. Wall, and two children, Joseph A. Wall and Mrs. Maude C. Bour; that James H. Wall, Jr. in his lifetime assigned to William G. Thompson of Cambridge his interest in the income of the trust property bequeathed by his father by item 18 of his will, and that a controversy had arisen among those interested in the estate of the testator as to who were entitled, since the death of James H. Wall, Jr., to that portion of the income of the trust fund held by the petitioner which was payable to the said James H. Wall, Jr. during his lifetime.

The petitioner therefore requested the instruction of the court upon the question, What persons are now entitled to that portion of the income of the trust fund established by the eighteenth section of the will of James H. Wall which was payable to James H. Wall, Jr. in his lifetime, and in what proportions? *

*J. Abbott,* for the petitioner, read the papers in the case.

*W. G. Thompson, pro se,* (*E. K. Arnold* with him.)

*T. H. Gage, Jr.,* for Emma I. Pinkham, a daughter of the testator.

*H. E. Hill,* for Maude C. Bour and Joseph A. Wall, children of James H. Wall, Jr.

*A. Poor,* for the administrator of the estate of Mary E. Dunlop.

*C. E. Shattuck, pro se.*

MORTON, J.   This will was before us for construction in *Shattuck* v. *Balcom,* 170 Mass. 245.   The question in that case related to the disposition to be made after her death of the income given to Mrs. Balcom during her life, and we had to reconcile in the best way that we could certain conflicting provisions in items 18 and 20.   It was there held that after the death of Mrs. Balcom the income payable to her during life went to and was to be divided equally amongst the children of Mrs. Balcom, George F. Wall, and James H. Wall, Jr.   We adhere to the result which was arrived at in that case on the

---

* This will was before the court for construction in *Evans* v. *Wall,* 159 Mass. 164, *Shattuck* v. *Balcom,* 170 Mass. 245, and *Shattuck* v. *Wall, infra,* 167.

question there presented. Since that decision James H. Wall, Jr. has died testate, leaving a widow and two children surviving him. During his lifetime, by an instrument dated December 24, 1894, he assigned to Mr. Thompson his interest in the income bequeathed to him by item 18 in his father's will. The question now is, who is entitled, and in what proportions, to the income that was payable to him under said item during his life.

In *Shattuck* v. *Balcom, ubi supra,* in construing the words in item 18, "the child or children of either of them deceased, to receive the portion which would have belonged to said deceased child, saving and excepting the child or children of Emma Isabella Connell," a certain construction was suggested, and discarded in favor of what then seemed a better one, which, on further consideration and in view of the questions now raised, we are inclined to adopt. The construction thus suggested was that these words might be limited to the child or children of George F. Wall and James H. Wall, Jr. The effect of such a construction will be to read into item 18, in addition to the express exception in regard to Mrs. Connell's children, an exception in regard to Mrs. Balcom's children. But since the testator has provided in item 20, as we have already held in *Shattuck* v. *Balcom,* for the division after her death of the share of the income which Mrs. Balcom would receive during her life amongst the children of Mrs. Balcom, George F. Wall, and James H. Wall, Jr., the provision in item 18 cannot be considered as applying to Mrs. Balcom's child or children. Mrs. Connell's children are expressly excepted, and the same provision is made in item 21 in regard to the disposition after her death of the share of the income which she would receive during her life under item 18 as is made in the case of Mrs. Balcom. But no provision is made after their deaths in regard to the shares of the income which George F. and James H. Wall are to receive except what is contained in item 18, and it seems to us now that the words "the child or children of either of them deceased" in that item must be limited to the child or children of George F. and James H. Wall. Although this construction will favor the children of the sons at the expense of Mrs. Balcom's daughter during the lives of the testator's children, it will not disturb the equality of the final distribution, and it seems to us to be more

in harmony with the testator's intention than it would be to hold that his children took estates *pur autre vie* in the income terminable on the death of the last survivor. The construction which we now adopt will not affect the result in *Shattuck* v. *Balcom*, and seems to us more natural than the one to which we then inclined, and to reconcile in a more satisfactory manner the conflict between items 18 and 20.

*Decree of Probate Court affirmed.*