CHARLES E. SHATTUCK, trustee, *vs.* JAMES H. WALL & others.

Worcester. March 23, 1899. — July 6, 1899.

Present: HOLMES, KNOWLTON, MORTON, LATHROP, & HAMMOND, JJ.

*Will — Trust — Payment of Income.*

Since the decision of this court in *Shattuck* v. *Balcom*, 170 Mass. 245, that certain income should be divided share and share alike between D., who was the daughter of the testator's daughter, and the children of his two sons G. and J., D. having died, her share of the income is not to be divided among the children of G. and J., but passes to her administrator, it having vested in her as a tenant in common.

PETITION to the judge of probate of the county of Worcester, by the trustee under certain items of the will of James H. Wall, praying for instructions as to his duties thereunder. After a decree in that court an appeal was taken, and a trial was had before *Hammond*, J., who reserved the case for the consideration of the full court.

The items of the will upon which the decision of the question raised in this petition depends are fully set forth in *Shattuck* v. *Balcom*, 170 Mass. 245.* In that case, which was a petition for instructions filed by the same petitioner, it was determined that the trust established under item 20 of said will continued after

---

* See, also, *Evans* v. *Wall*, 159 Mass. 164; *Boston Safe Deposit & Trust Co.* v. *Wall, ante*, 163.

the death of Sarah E. Balcom, a daughter of the testator, and the petitioner, as trustee under said item 20, was directed to pay over and distribute the money then in his hands, and all income thereafter received by him as trustee under said item 20 from the Boston Safe Deposit and Trust Company, under the provisions of item 18 in said will, to and among Mary E. Dunlop, James H. Wall, Sarah I. Wall, Joseph A. Wall, and Maude C. Bour, all being grandchildren of the testator, in equal shares, until the termination of said trust under said item 20. After the decision in *Shattuck* v. *Balcom*, said Mary E. Dunlop died without issue, leaving as her surviving husband James W. Dunlop, one of the respondents in this petition, who was duly appointed administrator of her estate.

The question submitted in this petition, upon which instructions are prayed for, is, Who is entitled to the one fifth part of the income received and now held by the petitioner, and to be received by him in the future from said Boston Safe Deposit and Trust Company, which was formerly paid to said Mary E. Dunlop under the terms of the decree of this court in *Shattuck* v. *Balcom ?*

*A. Poor*, for the administrator of the estate of Mary E. Dunlop.

*H. E. Hill*, for the other respondents.

MORTON, J.    Since the decision in *Shattuck* v. *Balcom*, 170 Mass. 245, Mrs. Dunlop, the daughter of Mrs. Balcom, has died without leaving any issue, and the question now is whether the one fifth of the income, to which in that case it was held that she was entitled, goes to her administrator, or is to be divided amongst the children of George F. Wall and James H. Wall, Jr. The latter contend that the gift was to them and Mrs. Dunlop as a class, and that upon her death, or the death of any one of the class, the survivors take. The administrator contends that it vested in her as a tenant in common, and that it passes to him.

The testator in the clause which is under consideration expressly provides for the death of a grandchild leaving issue by directing that the child or children of any child or children of his sons, and of Mrs. Balcom, shall take, by right of representation, the share which the child or children of his sons and

daughter would have taken. But there is nothing either in this clause or elsewhere in the will to show that the testator contemplated the death of a grandchild without issue before the final distribution of his estate and after any portion of the estate should have vested in it. How he would have provided for such a contingency is wholly a matter of conjecture, and we must take the will as we find it.

In *Shattuck* v. *Balcom*, it was held that after Mrs. Balcom's death the income which had been paid to her during her life should be paid as it was provided in the earlier part of clause 4, that the unexpended balance there spoken of should be paid, namely, " to the children of my three children, George F. Wall, Sarah Elizabeth Balcom, and James H. Wall, Jr., share and share alike, the child or children of any child or children of the said George F. Wall, Sarah Elizabeth Balcom, and James H. Wall, Jr., to take by right of representation."

Whether the share which it was held was thus given to Mrs. Dunlop vested as of the death of the testator, or as of the death of Mrs. Balcom, it is not necessary now to determine. It certainly vested at one or the other of those dates, and whichever it was can make no difference to the question whether, on Mrs. Dunlop's death, it passed to her administrator, or whether the children of George F. and James H. Wall took it as survivors.

There are no words of survivorship in the clause which is the subject of our immediate consideration. But notwithstanding that, if the gift had stopped with the words " to the children of my three children, George F. Wall, Sarah Elizabeth Balcom, and James H. Wall, Jr.," the argument that it was to them as a class would have been strong, if not conclusive. But these words are qualified by those which immediately follow, namely, " share and share alike, the child or children of any child or children of the said George F. Wall, Sarah Elizabeth Balcom, and James H. Wall, Jr., to take by right of representation." The words " share and share alike " are words indicating a severance of interests. They and the words " equally," " equally to be divided between them," " equally amongst them," and similar phrases and words have all been held to create tenancies in common. See *Frost* v. *Courtis*, 167 Mass. 251; *Shaw* v.

SHATTUCK *v*. WALL.

*Eckley*, 169 Mass. 119; *Barton* v. *Bigelow*, 4 Gray, 353; 2 Jarm. Wills, (4th Am. ed.) 162; Wms. Ex. (6th Am. ed.) 1463 *et seq.*

The phrase "share and share alike" occurs several times in the will, and is found in the clause in which the testator provides for the final distribution of his estate. It is to be presumed that it was used advisedly, and that it expresses precisely what the testator intended.

It is true that expressions which by themselves would create tenancies in common may be controlled by other provisions, or by the intention of the testator gathered from the will as a whole; and it has been argued that from the will as a whole it was the evident expectation of the testator that a class composed of such grandchildren as are in being at the time should take the income as it accrued till the period for final distribution arrived. It also has been contended that this is the meaning of the words "in said ratio." But this argument leaves out of sight the manner in which it is directed that the income shall be divided, namely, "share and share alike," and the further provision that the child or children of any deceased grandchild shall take by right of representation, and gives to the words "in said ratio" a construction which it does not seem to us is warranted by anything in the will. We see nothing to justify us in departing from the plain meaning of the language used in order to reach a result which the testator perhaps would have approved, but which he has nowhere expressed.

*Decree of Probate Court affirmed.*