HARRY N. STEARNS, trustee, *vs.* JAMES W. FENNO & others.

Suffolk.    March 19, 1917. — May 26, 1917.

Present: RUGG, C. J., DE COURCY, CROSBY, & PIERCE, JJ.

*Devise and Legacy.*

A testator by his will left all his property in trust, to pay the income in equal third parts to his wife, his daughter and his son, and provided as follows: "Upon the decease of my wife then my daughter shall be entitled to one half the income of my real and personal estate and my son to the other half of the same. Upon the decease of either of my children leaving issue of his or her body lawfully begotten then such issue shall inherit share and share alike the portion of said real and personal estate to the income of which their parent was entitled [and shall] be entitled to partition of the real estate and to the portion set off to them on such partition in fee simple and to their rightful share of said personal estate to their sole use." After the death of the testator his daughter died leaving children. Later the testator's widow died, survived by the son, who had children. *Held*, that the children of the daughter were entitled to one half the principal of the trust fund and that the other half must be held in trust during the life of the son, who was entitled to the entire income of that half.

In the will above described there was a provision, that whereas the testator had advanced to his son $10,000, payment of this sum never should be demanded from him, "but the interest thereof from and after my decease . . . shall be credited by my trustees as part of the income of the trust property and deducted from my sons one third part of said income." *Held*, that this provision for

apportionment of income ceased to be material upon the death of the testator's widow, when the son became entitled to the whole income of the half of the trust fund held in trust for him during his life, and that therefore there was no occasion for any deduction of the interest on $10,000.

BILL IN EQUITY, filed in the Supreme Judicial Court on October 11, 1916, by one of the trustees under the will of James W. Fenno, late of Boston, who died in the year 1868, for instructions.

The will of James W. Fenno was dated January 15, 1868, and left all of the testator's property in trust as follows:

"I give and bequeath to Edward S. Rand Junior Counsellor at law and Charles U. Cotting Real Estate agent both of said Boston all my real estate. To have and to hold the same to the said Rand and Cotting in fee simple as joint tenants and not as tenant in common with right of survivorship Yet in trust nevertheless to hold the same in trust during the life of my wife and during the lives of my two children and to collect the rents and income thereof and to keep the buildings thereon at all times insured against fire I also give to my said Trustees all my personal estate to hold to them in the same manner as the said real estate and to collect the income thereof after deducting all payments for repairs of said real estate and all other necessary expenses then as often as once in three months to divide the net rents of said real estate and the income of said personal estate into three equal parts one part whereof they are to pay to my wife during her life one other third part thereof they are to pay to my daughter during her life and the remaining third part thereof they are to pay to my son during his life. Upon the decease of my wife then my daughter shall be entitled to one half the income of my real and personal estate and my son to the other half of the same. Upon the decease of either of my children leaving issue of his or her body lawfully begotten then such issue shall inherit share and share alike the portion of said real and personal estate to the income of which their parent was entitled be entitled to partition of the real estate and to the portion set off to them on such partition in fee simple and to their rightful share of said personal estate to their sole use and if my daughter shall die and not leave such issue then my son and his mother if living shall be entitled to the whole net income of said real and personal estate in equal moities for their lives and the survivor of them shall be entitled to the whole income of said

property for his or her life in trust as aforesaid with remainder to such person or persons as he or she may appoint to receive the same by will duly executed And in case my son shall die and not leave such issue then his portion of said income shall be paid to my wife and daughter in equal moities during their lives and the survivor of them shall be entitled to the whole income of said property for her life in trust as aforesaid with remainder to such person or persons as she may appoint to receive the same by will duly executed. And if from fire dilapidation or any other cause it should be thought advisable I authorize the said trustees by and with the consent of the cestui que trusts or a majority of them to sell and convey the said real estate or any part thereof in fee simple and they shall invest the proceeds of such sale in undoubted securities to be held by them upon the same trusts and no purchaser under the power of sale here given shall be bound to see to the application of the purchase money In case of the death of one of my trustees I request that a new one may be appointed by the judge of Probate for the County of Suffolk having due regard in the appointment to the wishes of the cestui que trusts so that there may always be two trustees possessed of the title to my real estate with right of survivorship as aforesaid I direct that all payments under this will to my wife and my daughter shall be made to each of them personally upon their sole and separate receipts whether either or both of them shall be married or not and that the said trust property nor the income thereof shall be in any manner liable to the payment of any debts which any husband of either of them may owe I have purchased the house numbered one hundred and thirty seven on Canton for my daughter to occupy with her family as long as she may elect to do so no rent shall be payable for the said house until after my decease From and after that event my trustees shall determine what they consider a fair rent for said house and this rent so fixed shall be credited to the income of my estate and be deducted from my daughters one-third part thereof I have advanced to my son a large sum of money which for the purposes of this will I fix at ten thousand dollars Payment of this sum from him shall never be demanded but the interest thereof from and after my decease (and no interest shall be charged him before that event) shall be credited by my trustees as part of the income of the

trust property and deducted from my sons one third part of said income. I nominate and appoint Edward S. Rand Senior of said Boston Counsellor at Law to be the Executor of this will I request that the trustees under this will shall not be required to give any other than their own personal bonds for the faithful performance of the trusts confided to them in and by this will and that none other than his own personal bond without any sureties shall be required of my Executor I having full confidence in their judgment and integrity to do all things to be by them done and performed under authority of this will as well without bonds as with them."

The case was heard by *Braley,* J., who made a memorandum of decision as follows:

"This is a bill for instructions by the trustee under the will of James W. Fenno, which was duly admitted to probate June 15, 1868. At his death he left surviving him a widow, Martha J. L. Fenno, a daughter, Martha A. Upton, and a son, James W. Fenno, who under the will are the beneficiaries for life of the income of the trust property. Martha A. Upton died May 5, 1884, leaving two children, now living, Myra F. Cutler and Isabelle T. Elms. The widow died October 25, 1898. James W. Fenno, the son, is still living.

"Upon the death of the widow her life estate terminated and no further reference to her need be made, except to say that upon that event the income was to be divided into halves, one half to be paid to the daughter and the other half to the son. But as the daughter predeceased her mother her right to any portion of the income ceased. And, it being apparent that the testator intended to dispose of the principal as well as of the income and to give the remainder after the life interest of his children to the issue of such as should leave issue, and this intention must control, Myra F. Cutler and Isabelle T. Elms became entitled to one half of the real and personal estate held in trust by the petitioner, and upon a transfer by the trustee the trust as to this portion of the property terminates. The other half is to be held in trust and the income paid to James W. Fenno, the son, during his life. And the reason having ceased for the payment by him of interest on the $10,000 advanced to him by his father, which was intended to form part of the income to be distributable to the wife and daughter on the basis of equality of division of income, he is no longer required

to make the payment. It does not appear what payments of income, if any, were made to the children of his daughter from May 5, 1884, to October 25, 1898, or whether after the death of the widow any payments of income were continued until the filing of the petition for instructions, October 11, 1916, and no question being raised as to payments of income under these circumstances, it is not before the court."

By order of the single justice a final decree was entered in accordance with the memorandum of decision. The defendants James W. Fenno, the children of James W. Fenno and Arthur P. Stone, guardian *ad litem* for certain contingent interests, appealed.

*A. K. Reading,* for the trustee, was present but did not address the court.

*F. L. Simpson,* (*J. L. Dyer* with him,) for the defendant James W. Fenno.

*A. P. Gay,* for the children of James W. Fenno.

*H. R. Bygrave,* for the children of Martha A. Upton, a daughter of the testator.

DE COURCY, J. James W. Fenno, the testator, died in 1868, leaving a widow, Martha J. L. Fenno, a daughter, Martha A. Upton, and a son, James W. Fenno. The trustees were directed to pay to each of these for life one third part of the income. The will then expressly provided: "Upon the decease of either of my children leaving issue of his or her body lawfully begotten then such issue shall inherit share and share alike the portion of said real and personal estate to the income of which their parent was entitled be entitled to partition of the real estate and to the portion set off to them on such partition in fee simple and to their rightful share of said personal estate to their sole use." Accordingly, when said Martha A. Upton died on May 5, 1884, the trustees should have distributed one third of the principal of the trust to her children Myra F. Upton (now Cutler) and Isabelle T. Upton (now Elms) in equal parts. It is also clear that from the death of the testator's said daughter in 1884 until the death of his widow on October 25, 1898, the income of the remaining trust estate was payable in equal shares to his widow and son.

The event which has happened, namely the death of the widow after that of the daughter, is not specifically provided for in

express terms; but an examination of the whole will discloses quite clearly what was the intention of the testator. *Metcalf* v. *Framingham Parish*, 128 Mass. 370. That he intended to dispose of his entire estate by the will is agreed by all the parties. The widow was to share in the income only, and the will provided "Upon the decease of my wife then my daughter shall be entitled to one half the income of my real and personal estate and my son to the other half of the same." His two children also were to enjoy only the income of the trust estate. As the recipients of the principal, the persons the testator had in mind were the issue of these children, and it was only in the event of the death of both children without issue that the remainder was to go elsewhere. A reading of the will as a whole convinces us that the testator intended to treat his two children alike, and that one half of the principal was to go to the issue of Martha A. Upton eventually. On her death they became entitled to one third (or two sixths) by the express terms of the clause already quoted. On the death of the second life tenant, the widow, they became entitled to the remaining one sixth. *Sanger* v. *Bourke*, 209 Mass. 481. Admittedly the other one half of the estate is to be held by the trustees during the lifetime of the son, James W. Fenno, and the income paid to him. As the entire income of this half, since the death of the widow on October 25, 1898, belongs to him, we see no occasion for making him contribute toward that income the interest on the $10,000, assuming that this question is now before us.

It follows from what has been said that the decree of the single justice must be affirmed with costs.

*Ordered accordingly.*