WILLIAM S. HALL, trustee, *vs.* CHARLES F. READ & others.

Suffolk.  November 18, 1918. — February 27, 1919.

Present: RUGG, C. J., LORING, BRALEY, & PIERCE, JJ.

*Devise and Legacy,* Gift to a class.

A testator provided by his will that, after the death of his wife, the income of a trust fund should be distributed equally among his three sons, and then provided as follows: "At the decease of either of my said sons his share of said net income, if any, shall be paid over to his issue then living, if he have any, otherwise to my surviving sons and the issue of any deceased son, living at the time of his decease, said issue to take their deceased parents share by right of representation, until the decease of my last surviving son; then and at that time, the said trustees shall pay over to the issue of each son, the parent's share of the principal of said trust fund, with any income then unpaid belonging to such share." The testator left a widow and three sons. The widow died. One son died, leaving no issue. A second son died, leaving a son and a daughter. This grandson of the testator died testate, leaving no issue and making his widow the sole beneficiary under his will. The third son of the testator still was living. *Held,* that, until the death of the testator's last surviving son, the trustee should pay the share of the income which theretofore had been paid to the testator's grandson, then deceased, to the sister of such grandson, to the exclusion of his widow and sole beneficiary of his will, the purpose of the testator having been (as shown by the provisions above quoted) that, upon the death of any one of his sons, that son's share of the income of the trust should be enjoyed exclusively by the issue of that son as a class.

BILL IN EQUITY, filed in the Supreme Judicial Court on February 12, 1918, by the trustee under the will of William Read, late of Boston, for instructions as to the distribution of the net income of a trust fund held by the plaintiff as stated in the opinion.

The case was heard by *Carroll,* J., who made a memorandum of decision. Later by order of the single justice a final decree was entered, ordering "that the four twenty-firsts of the net income of the trust property held by William S. Hall, trustee under the will of William Read, which has heretofore been paid to Frederick F. Read, deceased, be paid to said Read's sister, Marie F. Read Harshe, during her lifetime until the decease of the testator's last surviving son, Charles F. Read."

The defendant Emma S. Read, the widow of Frederick F. Read,

being the executrix of his will and the sole beneficiary thereunder, appealed both individually and as executrix.

*H. M. Ballard, Jr.,* for the defendant Emma S. Read.

*C. M. Rogerson,* for the defendants Charles F. Read and Marie F. Read Harshe.

RUGG, C. J. This is a bill in equity by the trustee for instructions as to the disposition of the income of a trust fund established under the will of William Read. The first seven articles of the will dispose of personal effects, all of these being given to members of his family. By the eighth and eleventh articles the residue of the estate is given to trustees. The entire income is given to his wife during her life, and at her death, after elaborate provision for the equalization of advancements to his three sons, it is provided that the income shall be divided among these sons. The ninth clause (respecting the application of which to the existent facts doubt has arisen) is in these words: "At the decease of either of my said sons his share of said net income, if any, shall be paid over to his issue then living, if he have any, otherwise to my surviving sons and the issue of any deceased son, living at the time of his decease, said issue to take their deceased parents share by right of representation, until the decease of my last surviving son; then and at that time, the said trustees shall pay over to the issue of each son, the parent's share of the principal of said trust fund, with any income then unpaid belonging to such share." The pertinent facts with respect to which this article must be interpreted are that the testator died in 1889 leaving a widow and three sons, William, Robert M. and Charles F. Robert M. died in 1904, leaving no issue. His share in the income after the death of the widow in 1905, was divided equally according to the terms of article ninth between his two surviving brothers. Charles F. is still living. William died in 1906, leaving as his issue Frederick F. and Marie, now the defendant Marie F. Read Harshe. Thereafter during the lives of these two children of William, his share of the income was divided equally between them. Frederick F. died testate in 1917, leaving no issue and a widow, the defendant Emma F. Read, as his executrix and sole beneficiary. The question to be decided is what shall be done with the share of the income paid to Frederick F. It is the contention of his widow that it ought to be

paid to her. It is the contention of his sister that it should be paid to her. The soundness of these respective contentions depends upon the ascertainment of the intent of the testator as disclosed by the general design of his will and the words used to express that design.

The scheme of the will is to give the entire beneficial interest in the estate after the decease of the widow to the lineal descendants of the testator. It is an express term of article ninth that, in case of the death of any of the sons, the income shall be paid "to his issue then living if he have any," such issue to take their deceased parent's share until the decease of the last surviving son. This part of the clause, although not expressed with accuracy, indicates a purpose that the issue alone are to be the beneficiaries. The final clause of the same article, to the effect that the principal of the fund shall at the decease of the last surviving son be divided among the issue of the sons, confirms the idea that at the moment of final distribution the issue alone are. to be benefited to the exclusion of heirs or legatees of deceased issue. *Otis* v. *McLellan,* 13 Allen, 339. The desire of the testator, as shown by the language employed, is that the income shall be paid either to his sons, or in the event of the decease of one or two of them, to their issue *per stirpes* as a class. The words evince a wish that the right to income should be in those who for the time being are sons or issue of deceased sons, and not a desire that the right to income should vest in particular persons at any time before the termination of the trust. *Boston Safe Deposit & Trust Co.* v. *Blanchard,* 196 Mass. 35. The tenth clause, which also deals with the final distribution of the principal, makes it clear that it is only the issue of deceased sons living at the decease of the last surviving son who are to share in such distribution of the shares of sons deceased without issue. It is only in the event that there shall be no issue of any of his sons at the decease of the last surviving son that, according to article tenth, distribution should be made among those who then may be ascertained to be his heirs at law. *Welch* v. *Howard,* 227 Mass. 242, 246.

No specific testamentary words can be seized upon as precisely indicative of a thought to provide for the contingency of the decease of the issue of deceased sons before the decease of the last surviving son. But the words used and the main structure of the will disclose the intention that heirs or legatees of such de-

ceased issue should not be the recipients of any benefaction from income so long as issue of deceased sons are living. *Sanger* v. *Bourke,* 209 Mass. 481, 486. *Stearns* v. *Fenno,* 227 Mass. 247.

These considerations distinguish the case at bar from decisions like *Weston* v. *Weston,* 125 Mass. 268, and *Whitman* v. *Huefner,* 221 Mass. 265, upon which reliance has been placed by the executrix of the will of Frederick F. Read.

A decree is to be entered instructing the plaintiff that the portion of the income of the trust formerly paid to Frederick F. Read should be paid to Marie F. Read Harshe. The costs of the defendants as between solicitor and client are to be determined by a single justice and paid out of the trust fund. The costs of the plaintiff properly are to be determined on his probate accounting. *Ensign* v. *Faxon,* 224 Mass. 145.

*So ordered.*