BOSTON SAFE DEPOSIT AND TRUST COMPANY, trustee, *vs.* JAMES H. WALL & another, executors, & others.

Suffolk.   November 13, 1919. — January 9, 1920.

Present: RUGG, C. J., BRALEY, DE COURCY, PIERCE, & JENNEY, JJ.

*Trust,* Construction of instrument creating trust. *Devise and Legacy,* Residuary clause, Time of vesting. *Equity Jurisdiction,* Bill for instructions.

A testator provided by his will that, at the death of his last surviving child, the residue of his estate, which was to be held in trust until that event should occur, was to be distributed "to and among the children of" two sons and one daughter, "share and share alike, the child or children of any child" of such sons and daughter "to take by right of representation." These two sons and daughter had in all five children, all living at the death of the testator. The will disclosed two main purposes, the first, to exclude the children of a fourth child, a second daughter of the testator, from sharing in the trust estate, and the second, to keep the estate in the hands of the testator's lineal descendants, except those of the fourth child. The first daughter, one of the three children referred to above, died after the death of the testator, leaving a daughter, one of the five grandchildren, who, before the death of the testator's last surviving child, also died, leaving no children, a husband and numerous heirs at law, among whom were children of the fourth child of the testator, who specifically were excluded from sharing in the distribution of the fund, and persons who were not lineal descendants of the testator. Upon a bill in equity by the trustee for instructions after the death of the last surviving child of the testator, it was *held,* that the interest of the grandchildren, children of the three children specifically named as beneficiaries of the trust, vested at the death of the testator, subject to be

divested on the death of any such grandchild without issue; and therefore that the heirs at law of the grandchild who had died without issue did not share in the distribution of the trust fund.

BILL IN EQUITY, filed in the Supreme Judicial Court for the county of Suffolk on April 9, 1919, by the trustee under the will of James H. Wall, late of Worcester, who died January 26, 1892, for instructions as to distribution, under the residuary clause of the will, of the property remaining in the hands of the trustee.

Material facts are stated in the opinion.

The case was reserved by *Pierce*, J., upon the petition and answers for determination by the full court.

*H. F. Atwood,* for the plaintiff, stated the case.

*W. G. Thompson,* (*R. Spring* with him,) for the defendants Connell and others.

*F. N. Nay,* (*K. A. Sanderson* with him,) for the defendant Dunlop.

*T. H. Gage,* (*W. C. Mellish* with him,) for the defendants James H. and Sarah I. Wall.

DE COURCY, J. This is a bill in equity for the construction of the residuary clause of the will of James H. Wall, late of Worcester.

Mr. Wall died in 1892, leaving a widow, Elizabeth, four children, George F. Wall, James H. Wall, Jr., Sarah E. Balcom and Emma I. Connell; and seven grandchildren, namely, James H. and Sarah I. Wall, children of George; Joseph A. Wall and Maude C. Bour, children of James; Charles W. and Arthur S. Connell, children of Emma, and Mary E. Balcom, child of Sarah.

The will under which the present case arises has already been four times before this court. *Evans* v. *Wall,* 159 Mass. 164. *Shattuck* v. *Balcom,* 170 Mass. 245. *Boston Safe Deposit & Trust Co.* v. *Wall,* 174 Mass. 163. *Shattuck* v. *Wall,* 174 Mass. 167. The first sixteen items contain minor bequests to the family and relations of the testator and to charities. By the seventeenth his widow is given one third of his personal estate and the income of one third of his real estate for life; the remainder to revert to his residuary estate. Item 18 leaves the residue of his estate in trust, with directions as to its investment, and then provides as follows:

"2. All the rents, profits, issues and income thereof, after de-

ducting all reasonable and proper charges and expenses had and incurred in and about the same, to pay, over to my children, George F. Wall, James H. Wall, Jr., and George F. Wall, as he will be Trustee for my daughter, Sarah Elizabeth Balcom, in terms to be hereinafter set forth, and George F. Wall, as he will be Trustee, for my daughter Emma Isabella Connell, in terms to be hereinafter set forth, in even and equal portions, one fourth to each, for and during the lives and the life of the survivor of them, and likewise during the life of the said Sarah Elizabeth Balcom and Emma Isabell Connell, and the survivor of them, the child or children of either of them deceased, to receive the portion which would have belonged, to said deceased child, saving and excepting the child or children of Emma Isabella Connell, until the decease of the last surviving one of my said four children, George F. Wall, James H. Wall, Jr., and Sarah Elizabeth Balcom, and Emma Isabella Connell.

"3. At the decease of the last surviving one of my said four children George F. Wall, Sarah Elizabeth Balcom, James H. Wall, Jr., and Emma Isabella Connell, to pay over what may then remain unexpended thereof in the hands of the said Boston Safe Deposit & Trust Company, Trustee as aforesaid, to and among the children of George F. Wall, Sarah· Elizabeth Balcom, and James H. Wall, Jr. share and share alike, the child or children of any child of said George F. Wall, Sarah Elizabeth Balcom, and James H. Wall, Jr. to take by right of representation.

"I have thus taken away the share of° the children of my daughter Emma Isabella Connell, in my residuary estate, not from any sort of vindictiveness, but because I have already spent large sums of money in the support of my daughter, Emma Isabella Connell, and her family, and I am satisfied in my own mind, and I have given the matter careful consideration, that the fruits of my labor thus bestowed would be wasted and misapplied."

As to the remaining items, it suffices to say that item 19 authorizes his trustee to advance portions of the principal to his children; and items 20 and 21 are sub-trusts of the one fourth income of the residuary estate for the benefit of his daughters Sarah E. Balcom and Emma I. Connell, until the decease of the last surviving one of his four children.

The last of the testator's children, Emma I. (Connell) Pinkham, died April 13, 1918. The widow, Elizabeth, and the six grandchildren first above named are now living. His granddaughter Mary E. (Balcom) Dunlop died intestate without issue in 1898, leaving a husband, the defendant Dunlop, and as her heirs at law her six uncles and aunts then living; namely said Emma I. (Connell) Pinkham, and George F. Wall, and four aunts on the side of her father, Emily L. Sprague, Eunice D. Hunt, Harriet A. Spinning and Mary E. Blinn.

The question as to which the trustee desires to be instructed is, "To whom and in what proportions shall distribution of the property to be distributed under provisions of Item Eighteenth be made?" The claim of the children of George F. and James H. Wall, Jr. is, that the provision in item 18, clause 3 for the testator's grandchildren, "the children of George F. Wall, Sarah Elizabeth Balcom, and James H. Wall, Jr.," was contingent upon their being alive "At the decease of the last surviving one of my said four children," when the trustee is directed "to pay over what may then remain unexpended;" or if under said provision any interest vested before said time it was divested upon the death of a grandchild without issue before the termination of the trust and period of distribution. The other defendants contend that said Mary E. (Balcom) Dunlop took a vested remainder as tenant in common in one fifth of the property now to be distributed under item 18, clause 3. With the exception of the defendant Dunlop, they further contend that the remainder descended to her said uncles and aunts in equal shares to the exclusion of her husband; and that said shares are now vested in her surviving aunt Eunice D. Hunt and in the heirs at law of her deceased uncle and aunts, all of whom died intestate.

In view of the leaning of the law toward vested remainders, we assume that Mary E. (Balcom) Dunlop took a vested interest under item 18, clause 3 at the death of the testator, her grandfather. The controlling question in this case is, was that interest subject to be divested by her death without issue before the distribution of the estate; or was it subject to be divested only in the event that she died leaving issue before the death of the survivor of the testator's children, the period of distribution? The language of the clause in controversy leaves the answer in grave

doubt. The earlier cases in which the will was before this court were concerned with the distribution of income, and did not involve a construction of this third clause. Before resorting for aid to rules of construction applied in cases more or less similar, we must determine whether it appears with reasonable certainty from the whole will what was the intention of the testator as to the disposition of this one fifth of the property now to be distributed, in the event which has occurred.

An examination of the instrument discloses two main purposes on the part of the testator. The first is a fixed determination to exclude the children of his daughter Emma I. Connell from any share in his residuary estate. It appears in item 14, where they are excluded from sharing in the balance of a trust fund distributed at the death of Mrs. Dunlop, and in item 18, where they are shut out from a similar fund of which their mother was the life beneficiary; they are expressly excluded from the residuary estate under items 17 and 18, as hereinbefore set forth. They are not allowed to participate with the other grandchildren in the sub-trusts created by items 20 and 21. In item 16 he says: "I consider that the future of the oldest son, will clearly be of such a nature that I cannot conscientiously provide for it." In clause 3 of item 18, he emphazises his reasons for excluding the Connell children. Manifestly it was not the testator's intention that these children should participate in one fifth of that residue on the death of Mary E. (Balcom) Dunlop, six years after his own decease.

The second, and in fact the dominant purpose of the testator, as manifested throughout this will, was to keep his estate in the hands of his lineal descendants (excepting the Connells) as long as the law permitted him to do so. By the efforts of "a long and active business life" he had accumulated a property of large amount. He had invested his money in safe and profitable real estate in Boston and Worcester, and expressed a desire that one parcel at least should not be sold "unless the condition and interests of my estate shall seem to imperatively demand it." The bequests outside his family were negligible in amount. The provisions made for his children were derived from the income; and the share of the widow in the real estate is a life estate. Two grandsons and three granddaughters (excluding the Connell

children) were living at his death; and there were not then, and are not now, any children of deceased grandchildren.

In view of the testator's intention as thus manifested throughout the will, we cannot adopt the construction of said clause which is ably urged on behalf of the defendants other than the surviving grandchildren. Under that construction the alleged one fifth share of Mary E. (Balcom) Dunlop would be divided among her heirs; namely, the children of Mrs. Connell, and of George F. Wall, her aunt (on the side of her father) Eunice D. Hunt, and the children of her other paternal aunts, Mary E. Blinn, Harriet A. Spinning and Emily L. Sprague. It seems inconceivable that James H. Wall, whose elaborate will made no provision for husbands and wives of his own children, or for the husband of his granddaughter Maude C. Bour, and who did not give his own children any share in the principal of his residuary estate, intended to provide for the sisters of his son-in-law Sumner W. Balcom or for the husband of Mary E. (Balcom) Dunlop. And this result, so utterly at variance with the manifest plan of the will, cannot be disposed of as merely a possible contingency so remote that it was not thought of by the testator, — because it arose within six years of his death, on the decease of said Mary E. (Balcom) Dunlop.

The construction we give to said clause 3, by which the residuary estate now goes to the children of the testator's children (excluding the Connells), there being no issue of deceased grandchildren, seems to us to be in accordance with the intention of the testator, when we read the doubtful clause in controversy in connection with the whole will. Presumably he did not have in mind whether that intended result should be reached by postponing the vesting until the period of distribution, or by vesting an interest in his granddaughter Mary E. (Balcom) Dunlop, subject to be divested by her death without issue before that period arrived. But he did make clear with reasonable certainty that the portion of his residuary estate to be now distributed should go in equal parts to his surviving grandchildren James H. Wall, Sarah I. Wall, Joseph A. Wall and Maude C. Bour. This conclusion renders it unnecessary to discuss the other questions that were argued. See *Crapo* v. *Price,* 190 Mass. 317; *Boston Safe Deposit & Trust Co.* v. *Blanchard,* 196 Mass. 35, 39; *Hall* v. *Read,* 232 Mass. 204;

*Mullaney* v. *Monahan*, 232 Mass. 279; *Clarke* v. *Fay*, 205 Mass. 228, 231.

A decree is to be entered accordingly. Costs as between solicitor and client are to be taxed in the discretion of a single justice.

*So ordered.*