OWEN D. JONES *vs.* ANNIE B. DAY ET AL.

*Construction of a Deed of Trust Relating to Distribution of the Proceeds of a Sale—Allowance of Commissions to Trustee Making Sale.*

A deed of trust conveyed certain property to the grantor's son, Owen, for the use of the grantor for life, and after her death for her son Owen for life, with power to him to sell the same, or any part thereof, and to divide the proceeds "equally between himself and each of his children share and share alike." After the death of the grantor the property was sold by Owen, who had four children. *Held*, that Owen and his four children are each entitled to one-fifth of the proceeds of the sale, and that the use of the word *between* does not indicate that the grantor intended that the fund should be divided into two equal parts, one of which should go to Owen and the other be equally divided between his children.

A trustee authorized by a deed of trust to sell property is entitled to a commission for making the sale.

Appeal from the Circuit Court for Baltimore County (Fowler, C. J. and Burke, J.)

The cause was argued before McSherry, C. J., Briscoe, Page, Boyd, Pearce, Schmucker and Jones, JJ.

*John P. Poe* and *Edwin Higgins*, for the appellant.

The question is a narrow one. Looking to the precise language of the deed of trust we insist that this is a case in which the children are to be treated as a class and that the word "equally" means "equally" *between* himself and his children as a class, each child to receive one-fourth of the half given to them collectively as a class.

The grantor did not intend that the proceeds of sale should be divided *amongst* her son and his children, no matter how many these might be, share and share alike, so that if he had ten children, these proceeds were to be divided into eleven shares, one to him and one to each of the ten children, but she intended that the proceeds should be divided into *two*

*equal* shares of which two shares, her son, the appellant, should take one and the other equal share should be divided, share and share alike, *amongst* the children.

It does not seem reasonable to suppose that the grantor, the mother of the appellant, intended to put him upon the same plane and level with his children, her grandchildren.

The children are mentioned in the deed three times as a class; the names of the children are not given.

The precise words are "equally *between* himself and each of his children share and share alike."

The grantor does not use the word *amongst*, but the word *between*, and this word *between* makes our contention quite clear.

"*Between*" refers to *two* and not more, and the only way by which the language of this deed can be gratified is to divide the fund into two equal parts, which two equal parts are to be divided *between* the appellant and his children, he taking one-half and the children as a class taking the other half, which other half is to be divided amongst the children, each child to take an equal part.

The word "between" and its well-recognized meaning will be entirely ignored by dividing the fund into five parts. 2 *Am. & Eng. Ency. of Law*, p. 308, title "Among;" 4 *Am. & Eng. Ency. of Law*, pp. 8–10, title "Between;" *Ihrie's Estate*, 162 Pa. St. 369; *Century Dictionary*, "Among" p. 179, "Between" p. 538.

The construction contended for by us is the natural and reasonable interpretation of the words used in plain accordance with the intention of the grantor. *Alder* v. *Beall*, 11 G. & J. 123; *Levering* v. *Levering*, 14 Md. 38; *Slingluff* v. *Johns*, 87 Md. 283; *Minter's Appeal*, 40 Pa. St. 111; *Osborn's Appeal*, 104 Pa. St. 637 and 643; *Heistand* v. *Meyer*, 150 Pa. St. 501; *Holbrook* v. *Harrington*, 16 Gray (Mass.), 102; *Henry* v. *Thomas*, 118 Ind. 30; *Clark* v. *Lynch*, 46 Barbour, 68; *Raymond* v. *Hillhouse*, 45 Conn. 467; 11 *Am. & Eng. Ency. of Law*, 2nd ed., title "Equal"—"Equally," pp. 52 to 54 and cases cited in the notes.

*D. G. McIntosh, Jr.*, (with whom were *D. G. McIntosh* and *Daniel M. Murray* on the brief), for the appellee.

Equally between himself and *each* of his children can have but one meaning, viz., that each and every child should share equally with the father.

The word "each" standing as it does, is significant as well as imperative; and any other construction would ignore it altogether.

That it was the settled purpose of the grantor to make the parent's share equal to the share of each child and no more is unmistakably shown in the succeeding paragraph, when in case of the death of the son and trustee Owen, the power of sale is vested in his wife, Annie E. Jones, and she is directed in case of sale by her, "to divide the proceeds of sale equally between herself and each of her children by the said Owen D. Jones, share and share alike."

In this event the daughter-in-law, Annie E. Jones, received the same share which the son would have received, had he made the sale, that is, an equal share with each of the children.

Finally, upon the death of both parents the land, if unsold, "shall pass to their children to be equally divided between them, share and share alike."

Whether the sale was made by the son Owen or by his wife Annie, in either event the beneficiaries were all put in one class. Throughout it was to be share and share alike, and the portion of the parent was to be not equal to the share of the children, but to the share of each of his children.

Even had the language of the grantor been less clear and explicit, and if the direction had been to divide the proceeds of sale equally between the said Owen D. Jones and his children, share and share alike, eliminating the word "each," the intention was manifest to divide the proceeds of sale between the son and his four children, share and share alike, giving to each one-fifth.

The intention of the grantor is to be ascertained by the rule laid down in *Larmour* v. *Rich*, 71 Md. 369, that "obviously the most simple and natural way to ascertain what a testator's

or grantor's intention was, is to read what he has written, because what he has written was designed by him to express that intention."

Where the language is so plain and explicit as that contained in this deed, no authority would seem to be required; but authority is not wanting to sustain the appellees' contention.

In *Maddox* v. *State, use ef Swann*, 4 H. & J. 539, the will of John Swann directed that the money arising from the sale of certain negroes "be equally divided between my brother Justinian and my brother George's children."

George left six children and the Court held that Justinian, the brother, took as tenant in common an equal part and no more with each of the children of George, and that if George left six children, the estate would be divided into seven equal parts; if only five, into six equal parts.

In *Brittain* v. *Carson*, 46 Md. 189, the Court recognize the authority of *Maddox* v. *Swann*, and said it has been followed and adopted by subsequent decisions in this State. *Brown* v. *Ramsay*, 7 Gill, 347; *Thompson* v. *Young*, 25 Md. 461; *Benson* v. *Wright*, 4 Md. Ch. 278.

PAGE, J., delivered the opinion of the Court.

In 1885, Sarah Jones conveyed by deed to her son, Owen D. Jones, certain property, in trust for the grantor's own use during her life, with power reserved to herself to sell and dispose of the same, or any part thereof as she might see proper; and apply the proceeds thereof to her own use and benefit; and from and after her death, the said property or so much thereof as had not been disposed of by her, should go to her son Owen for life, with power to him to sell the same or any part thereof and to divide the proceeds of the same "equally between himself and each of his children share and share alike." Should he, however, not sell as authorized by the deed, upon his death the power of sale was vested in his wife, Annie Jones, with direction to divide the proceeds of sale "equally between herself and each of her children, by the said Owen D. Jones, share and share alike." And should neither

Owen D. Jones, nor Annie E. Jones, sell the property or only a part of it, then it and the remaining part, upon their deaths shall pass to their children, to be "equally divided between them share and share alike, &c."

Annie, the wife of Owen, died four years ago, leaving four children, all of whom are still living. Sarah Ann Jones, the mother of Owen, died many years ago. Owen Jones in December, 1904, made sale of the property for the sum of $4,000, and the same is now in Court for distribution among those entitled thereto. Two of the children, it appears have assigned their respective interests in the · fund to the appellant. The lower Court decreed that by a proper construction of the deed, Owen Jones and his four children each take one-fifth of the proceeds of sale, and that the trustee was entitled to a commission of two and a-half per cent as compensation. From this decree this appeal was taken.

The terms of the deed indicate a purpose on the part of the grantor to devote the property, first, to the use and enjoyment of her son during his life, and afterwards to that of his wife, if she should survive. But such use was limited only to the property itself or that part of it that remained unsold. So soon as the property was sold, either by the son Owen, or by his wife under and by virtue of the powers conferred by the deed, then a rule of distribution of a different character was imposed. In that event, the person invested with the power of sale was not to be entitled to the entire proceeds, but to only a share; he or she (as the case might be) was to share "equally" with "each of the children share and share alike." This seems to be the clear meaning of the words of the deed; and if that be correct, the decree of the lower Court must be affirmed. *Larmour* v. *Rich*, 71 Md. 369.

There was some stress laid at the argument upon the use of the word "between." The deed provides that the proceeds of sale shall be divided, "equally *between* himself (the appellant) and each of his children," and it was contended that by the employment of this word there was indicated the purpose to require the fund to be divided into two parts, one of which

to go to the appellant, the other to be equally divided among his children. But we cannot accept this view. It has been held that the word "between" ordinarily refers to two only and not more, though, as was said in *Leary's Appeal*, 162 Pa. St. 372, "it is not unfrequently used, especially by the uneducated and colloquially, in the sense of among as referring to more than two objects." To construe it here as indicating that the grantor in the deed intended to be understood as meaning there were to be only two parties to the distribution, one of them being the appellant and the other his children, does violence to the proper import of all the words, when taken together. It absolutely ignores the word "*each,*" as used by the grantor more than once. Her direction is explicit and so clear as to leave no room for doubt, that the division is to be made "*equally*" between *himself* and each of his children "share and share alike." Thus the division is to be "equal," and each child and the appellant should take "share and share alike."

·· Where the language is so clear as in this case, grammatical construction of a particular word and even the authorities applicable to cases not exactly similar to the one under consideration are not important.

The counsel for the appellee has referred to several cases in Maryland, but we do not deem it necessary to discuss them. *Brittain* v. *Carson*, 46 Md. 189; *Brown* v. *Ramsey*, 7 Gill, 352.

There was no error in the allowance of commissions as compensation.

*Decree affirmed.*

(Decided November 16th, 1905.)