HORACE D. HARDY, administrator, *vs.* MARY ROACH
& others.

Essex.    November 9, 1905. — January 5, 1906.

Present: KNOWLTON, C. J., MORTON, HAMMOND, LORING, & BRALEY, JJ.

*Devise and Legacy.*

The residuary clause of a will was as follows: "The balance of my estate is to be divided in equal portions to" (naming three persons) "daughters of my deceased brother P. my brother J. the children of my deceased sister M." (naming four persons). The will was in the handwriting of the testator. The name and residence of his brother J. were written in a separate paragraph in the centre of the residuary clause. Above it was the paragraph which named three daughters of his deceased brother P., and below it was the paragraph which named four children of his deceased sister M. The testator at the time of his death had three sisters living not mentioned in this clause, and there were living six children of his deceased brother P. and six children of his deceased sister M. *Held,* that the property should be distributed among the eight persons named *per capita* and not *per stirpes.*

BILL IN EQUITY, filed March 28, 1905, by the administrator with the will annexed of Michael J. Roach, late of Amesbury, for instructions as to the true interpretation of the twelfth clause of the will by which the defendants were made residuary legatees.

The case came on to be heard before *Morton*, J., who with the consent of the parties reserved it upon the pleadings and an agreed statement of facts for determination by the full court.

It appeared by the agreed facts that Michael J. Roach, the testator, was born in Ireland in 1846 and died in Essex County in this Commonwealth on November 17, 1903, leaving a will made in Wisconsin, dated June 15, 1901, which was allowed by the Probate Court for the county of Essex on February 9, 1905, containing the residuary clause quoted in the opinion of the court; that the plaintiff had in his hands and possession, as administrator with the will annexed, about $10,000 deposited in banks; that the testator left no real estate; that the defendant, James Roach, was the only brother of the testator alive at the time of the making of the will and at the time of the death of the testator; that the testator left three sisters, Julia Wilcox, Sarah Varley and Mary Size, the latter two living in Ireland; that the testator had had a brother, Patrick Roach, and a sister, Margaret O'Brien, both of whom were dead at the time of the making of the will; that six children of Patrick Roach, and six children of Margaret O'Brien, were living at the time of the testator's death; that the will was drawn by the testator and was in his handwriting.

*H. D. Hardy*, administrator, stated the case.

*F. Burke*, for the defendant James Roach.

*A. W. Reddy, Jr.*, for the designated children of Patrick Roach.

*N. L. Foster*, for the designated children of Margaret O'Brien.

HAMMOND, J. The clause in question, printed so as to show the division into paragraphs and the method or lack of punctuation as actually appearing in the will, is as follows:

" Twelth    The balance of My Estate is to be —
        devided in Equal portions to Mary Roach
        Margaret Roach Catherine Roach. 32 Orchard
        Street Amesbury Mass daughters of my

deceased brother Patrick Roach
My Brother James Roach of Lyme
Connecticut
The children of My deceased Sister
Margeret O Brie
Delia O Brien, Catherine O Brien of
Lyme Connecticut Joseph O Brien of
337 Washington Street New Haven
Connecticut Charles M O Brien —
West Chester New York City "
The question is whether these legatees take *per stirpes* or *per capita*. If *per stirpes*, then the three Roach children take one third, James Roach one third, and the O'Brien children one third; if *per capita*, then each of the legatees takes one eighth. At the time of the testator's death there were other children of the testator's brother Patrick Roach and of his deceased sister than those named. The clause in question distinctly describes the legatees by their respective names, and plainly says that the property shall be equally divided between them; and we see nothing in the method of division into paragraphs, or in the other framework of the clause, to indicate that this language is to be taken in any other than its ordinary meaning. It is plain that the legatees take *per capita*.

*Decree accordingly.*