GEORGE F. LESLIE, trustee, *vs.* WILLIE WILDER & others.

Worcester. October 2, 1917. — October 23, 1917.

Present: RUGG, C. J., BRALEY, DE COURCY, & PIERCE, JJ.

*Devise and Legacy.*

A will contained the following residuary clause: "I direct that the remainder of my property if there be any, be divided in equal shares between Willie Wilder, the children of Ella Roper Phillips and the children of the late George S. Roper, share and share alike." There were six children of Ella Roper Phillips and three children of George S. Roper. Willie Wilder contended that he was given one

third of the residue. *Held,* that the property should be divided into ten equal parts, of which Willie Wilder should receive one.

BILL IN EQUITY, filed in the Probate Court of the county of Worcester on February 18, 1916, by the trustee under the will of Martha J. Roper, late of Sterling, for instructions.

On appeal to the Supreme Judicial Court the case was heard by *Braley,* J., upon an agreed statement of facts in substance as follows:

Martha J. Roper, the testatrix, died at Sterling, in this Commonwealth, on November 3, 1903, leaving a will and leaving no heirs at law other than her sister, Sarah B. Jewell. Her will was allowed on November 24, 1903. After making several bequests in the will, she provided that all the income of her property remaining, after the payment of certain legacies, should be paid to her sister, Sarah B. Jewell, during her life, and at the decease of her sister she directed that her estate should be divided and certain legacies paid, concluding with the following provision: "I direct that the remainder of my property if there be any, be divided in equal shares between Willie Wilder, the children of Ella Roper Phillips and the children of the late George S. Roper, share and share alike."

Sarah B. Jewell has died. The children of Ella Roger Phillips at the death of the testatrix, all of whom were living at the time of the hearing, were Horace W. Phillips, Warren N. Phillips, Clifton A. Phillips, Bertha Phillips, Adell M. Phillips, and Manola R. Phillips.

The children of George S. Roper at the death of the testatrix, all living at the time of the hearing, were Marcellus Roper, Herbert Roper and Ella Roper Hosmer.

There was no blood relationship between the testatrix and any of the residuary legatees, all the residuary legatees being grandnephews and grandnieces of Merrick Roper, the deceased husband of the testatrix.

The single justice made a decree affirming the decree of the Probate Court, which ordered the trustee to pay over and distribute one tenth of the remainder to each of the defendants, namely, Willie Wilder, Horace W. Phillips, Warren N. Phillips, Clifton A. Phillips, Bertha Phillips, Adell M. Phillips, Manola R. Phillips, Marcellus Roper, Herbert Roper and Ethel Roper Hosmer.

The defendant Willie Wilder appealed.

*D. I. Walsh, T. L. Walsh & C. B. O'Toole,* for the defendant Willie Wilder, submitted a brief.

*C. B. Rugg,* for the children of Ella Roper Phillips.

BRALEY, J.　The testatrix, after making various specific legacies and creating a life estate for the benefit of her sister and directing that at the death of the tenant for life certain pecuniary legacies should be paid, provided further in the eleventh clause of the sixteenth article of her will as follows: "I direct that the remainder of my property if there be any, be divided in equal shares between Willie Wilder, the children of Ella Roper Phillips and the children of the late George S. Roper, share and share alike." The life tenant is dead, and, although not stated in the record, we assume that after payment of the legacies a fund remains for distribution under the residuary clause. It is the contention of the appellant that he is entitled to one third of the residue, while the remainder is to go one third to the children of Ella Roper Phillips and one third to the children of George S. Roper as a class; all of whom were living at the death of the testatrix. But this construction cannot be adopted. The intention of the testatrix is free from doubt. The legatees, who are referred to as "children" and not as heirs, are to "share and share alike;" and the naming of their respective mother and father was only for the purpose of designating the persons who were to take. *Weston* v. *Foster,* 7 Met. 297, 300. *Daggett* v. *Slack,* 8 Met. 450, 454. *Balcom* v. *Haynes,* 14 Allen, 204, 205. *Hill* v. *Bowers,* 120 Mass. 135. The plaintiff is instructed that the residue is to be divided into ten equal parts or shares of which the appellant is to receive one share and the nine defendants one share each. The decree of the court of probate should be affirmed.

*Ordered accordingly.*