CHARLES DANA COURTENAY et al.

vs.

ALEXANDER D. B. COURTENAY, Executor.

GEORGE LAWRENCE COURTENAY et al.

vs.

ALEXANDER D. B. COURTENAY, Executor.

*Legatee's Death Before Testator—Legacy Not Liable for Debts—Distribution Per Capita—Construction of Will—Declarations by Testator.*

By force of Code, Art. 93, sec. 326, providing that no legacy shall lapse by reason of the death of the legatee in testator's lifetime, a legacy passes directly to the legatee's next of kin in such case, and is not chargeable with the legatee's debts to the testatrix or to any other creditors. p. 206

A will directing that the estate of testatrix "be divided equally between" her brother W. and the three sons and widow of her deceased brother D., naming them, "or their respective heirs and assigns, share and share alike," *held* to contemplate a distribution *per capita* and not *per stirpes.* pp. 207-209

The declarations of the testator, whether made before, contemporaneously with, or subsequent to the making of the will, cannot be received to affect its construction. p. 210

*Decided March 3rd, 1921.*

Appeals from the Circuit Court of Baltimore City (STANTON, J.).

The causes were argued before BOYD, C. J., BRISCOE, THOMAS, PATTISON, URNER, STOCKBRIDGE, ADKINS, and OFFUTT, JJ.

*Eli Frank* and *C. John Beeuwkes,* for Charles Dana Courtenay et al., the appellants in the first case.

*Harry N. Baetjer* and *Joseph France,* for George Lawrence Courtenay et al., the appellants in the second case.

URNER, J., delivered the opinion of the court.

After making certain pecuniary bequests, the will of Isabella Courtenay provides as follows:

> "I give, devise and bequeath all the remainder of my property of every kind, real, personal or mixed, whether in possession or expectation, or to which I may hereafter become entitled in any way, including all sums due to me by others, to my sister, Elizabeth Courtenay, should she survive me, absolutely, and entirely in her own right, and to heirs and assigns forever. But in the event that I should survive my said sister Elizabeth, I direct that the whole of my estate at my death (except the two bequests first mentioned) be divided equally between my brother, William Courtenay, at present, and for some time past, residing in the City of Brooklyn, County, State of New York, and the three sons of my deceased brother, David Courtenay, late of Milwaukee, Wisconsin, namely: Charles Dana Courtenay, David Kirby Courtenay, Francis Chappelle Courtenay, and their mother, Francis Caroline (Chappelle) Courtenay, all now residing in the City and County of Milwaukee and State of Wisconsin, or their respective heirs and assigns, share and share alike."

The will was executed on January 31, 1908, and the testatrix, who was a resident of the City of Baltimore, died on August 20, 1918. She survived her sister Elizabeth and also her brother William. By operation of law the share of the latter in the residuary estate passing under the will has become vested in his widow, Julia Lawrence Courtenay, and his only child, George Lawrence Courtenay (*Code,* Art. 93,

Sec. 326). The widow and children of the deceased brother David, named in the will, are all living. At the time of her death the testatrix held two promissory notes, aggregating $5,540.74, made by her brother William many years previously, upon which no interest had been paid since 1908, and which are now uncollectable. The record in this Court does not show the amount of the estate, but it was stated in the argument to be about $19,000.

Two questions are presented for decision. First, whether the share intended by the will for William Courtenay is chargeable with the amount of the promissory notes to which we have referred, and second, whether there should be a *per capita* or a *per stirpes* division among those entitled to share in the residuary estate. The lower court decided the first of these questions in the negative, and held, as to the second, that there should be a *per capita* distribution. From the decree giving effect to those conclusions separate appeals have been taken by the respective parties interested in securing a different result as to one or the other of the questions thus determined.

The inquiry as to whether the share bequeathed to William Courtenay is subject to deductions on account of his indebtedness to the testatrix is entirely free of difficulty. In consequence of his death in her lifetime, and by virtue of the code provision already cited, the share designed for him passed directly to his next of kin, and is, therefore, not chargeable with his debts to the testatrix or any other creditors. *Hemsley* v. *Hollingsworth*, 119 Md. 444; *Wallace* v. *Dubois*, 65 Md. 161; *Glenn* v. *Belt*, 7 G. & J. 367.

The question as to the proper method of distribution among those entitled to the residuary estate depends, of course, upon the true meaning of the language which the testatrix has employed to express her intention on that subject. There are no other provisions of the will which reflect in any way upon the interpretation of the residuary clause, and its language

alone must control our decision.  In the event, which occurred, that the testatrix survived her sister Elizabeth, she desired the estate to "be divided equally between" her brother William and the three sons and widow of her deceased brother David.    According to the *per stirpes* theory contended for, the share of William, to which his widow and son are now entitled, would be one-half, while a *per capita* division would give them one-fifth.    The provision to be construed, with the allusion to preceding bequests and the designations of residences omitted as immaterial, may be requoted as follows:  "I direct that the whole of my estate at my death * * * be divided equally between my brother, William Courtenay * * * and the three sons of my deceased brother, David Courtenay, * * * namely, Charles Dana Courtenay, David Kirby Courtenay, Francis Chappelle Courtenay, and their mother, Francis Caroline (Chappelle) Courtenay * * * or their respective heirs and assigns, share and share alike."

The quotation we have made shows the names of the legatees in the relative positions in which they appear in the will.   The arrangement of the names in the way indicated affords no appreciable support to either of the opposing theories of construction, as the motive of the testatrix in thus giving special prominence to the names of some of the objects of her bounty is wholly conjectural.   They were sufficiently identified as "the three sons" of the deceased brother David, "and their mother," and their subsequent designation by name was superfluous.   If the provision is simplified by the omission of their names, the clause will read:  "I direct that the whole of my estate at my death * * * be divided equally between my brother, William Courtenay, * * * and the three sons of my deceased brother, David Courtenay, * * * and their mother, * * * or their respective heirs and assigns, share and share alike."   This language plainly contemplates a distribution *per capita*.   The clause begins and ends with a direction for an equal division.   The estate is

bequeathed "equally" and "share and share alike" to the five persons mentioned, "or their respective heirs and assigns." The word "between" is said to indicate a division into two parts, but this term is often used as the equivalent of "among," and it could not be given the suggested effect consistently with the intent expressed by the provisions as a whole.

In the case of *Brittain* v. *Carson,* 46 Md. 186, the testamentary words construed were as follows: "It is my will that the rest, residue and remainder of my estate * * * shall be equally divided between my said daughter, Amelia J. Brittain, and the children of Virginia Carson." Upon the question whether the division should be *per capita* or *per stirpes,* this Court said: "A long series of uniform decisions have given a settled construction to provisions in a will similar to this, all holding that the legatees, by force of the language used, take equally, and that the distribution is to be *per capita.* The cases which have been referred to by the appellant, as establishing a different doctrine, all affirm and recognize this rule of construction, but are put as exceptions to it, because of something in the will which indicated a different intention on the part of the testator. Such is not the case here. In this will the clause now in question is unexplained and uncontrolled by any other portion of the will, and we are left to give it a construction solely upon the force of the words which the testator has chosen to employ. We have seen no authority, and do not suppose any case can be found in which similar words have been construed to direct a distribution *per stirpes.*"

In *John* v. *Day,* 102 Md. 99, the appellant had been given a power of sale under a deed which directed that the proceeds of sale should be divided "equally between himself and each of his children, share and share alike." This was held to provide for a *per capita* division. In the opinion it was said: "There was some stress laid in the argument upon the

use of the word 'between' * * * and it was contended that by the employment of this word there was indicated the purpose to require the fund to be divided into two parts, one of which to go to the appellant, the other to be equally divided among his children." But we cannot accept this view. It has been held that the word "between" ordinarily refers to two only and not more, though, as was said in *Leary's Appeal,* 162 Pa. St. 372, "it is not infrequently used, especially by the uneducated and colloquially, in the sense of among as referring to more than two objects." To treat it as importing a division into only two parts in the case which this Court was then considering was held to be contrary to the plain meaning of the direction that the fund should be divided "equally between" the appellant "and each of his children, share and share alike."

The general rule of construction stated in *Brittain* v. *Carson, supra,* was recognized in *Slingluff* v. *Johns,* 87 Md. 283; and *Plummer* v. *Shepherd,* 94 Md. 469, but was held not to apply to the provisions there construed, which were quite different from the one now being considered. In *Harley* v. *Rosensteel,* 104 Md. 262, a contingent limitation in favor of the children of the testator's son and daughter in equal proportions was held to intend a division *per stirpes* in view of the other terms of the will. In every case cited in which the general rule stated was not applied, there was some indication in the particular clause, or in the context of the will, that a *per capita* distribution was not designed. No such intention is revealed by the will now before us, but, on the contrary, the purpose to bequeath the estate equally to the five persons named is expressed without qualification.

A letter written by the testatrix some years after the execution of her will, and referring to its disposition of her estate, was offered in evidence as supporting a conclusion different from the one we have reached as to its meaning. This proffer was made on the theory that the clause we have con-

strucd is ambiguous, and extrinsic proof is for that reason admissible. There is no ambiguity in the will, as we read its provisions, and it is a well settled rule that "the declarations of the testator, whether made before, contemporaneously with, or subsequent to the making of the will, cannot be received to affect its construction." *Redfield on Wills,* Vol 1, p. 540; *Shipley* v. *Mercantile Trust Co.,* 102 Md. 658; *Shreve* v. *Shreve,* 43 Md. 393; *Zimmerman* v. *Hafer,* 81 Md. 352; *Schapiro* v. *Howard,* 113 Md. 360; *Farmer* v. *Quinn,* 133 Md. 558.

The decree will be affirmed with respect to both appeals.

> *Decree affirmed, the costs to be paid out of the estate.*