## CIRCUIT COURT OF BALTIMORE CITY.

Filed September 30, 1926.

BENJAMIN H. HARTOGENSIS, EXECUTOR, ETC.,

VS.

HEBREW FRIENDSHIP CEMETERY ASSOCIATION, A BODY CORPORATE.

*B. H. Hartogensis* for complainant.
*Joseph S. Goldsmith* for defendant.

FRANK, J.—

The bill of complaint in this case seeks relief of different kinds, but prayer No. 2 for relief, asks the Court to construe so much of the will of the late Joseph Cohen as directs the plaintiff, as his executor, "to pay over to the Hebrew Friendship Cemetery Association on Philadelphia road, the sum of three hundred dollars ($300.00) in order to keep my (testator's) grave permanently in good condition." The jurisdiction of equity to construe last wills and testaments of testators is one well established and entitled to be invoked by any person in interest. The demurrer to the bill of complaint in this case goes to the whole bill and, therefore, if any ground of equity jurisdiction has properly been invoked, it must be overruled. The fact that the language of the will, for which this Court's construction is sought, may apparently be clear would not, it seems to me, of itself, require a denial by this Court of the relief prayed. For this reason I shall overrule the demurrer with leave to the defendant to demur specially to parts of the bill or to answer, or to demur and answer, as it may be advised within fifteen days.

It may not be amiss, although it may be somewhat premature, for me to state the conclusions with respect to the proper construction of the disputed language reached by me as a result of the argument. I am of the opinion that the language, above quoted, means exactly what it says: that the sum of $300.00 as directed by the will, no more and no less, shall be paid by the executor to the defendant; that at the hearing I can not receive any testimony tending to establish an intention on the part of the testator, other than that clearly expressed by his last will and testament. "The declarations of the testator, whether made before, contemporaneously with, or subsequent to the making of the will, can not be received to affect its construction."

Courtenay vs. Courtenay, 138 Md. 204 at page 210.

And, even where, from the face of the will itself, it appears that the disposition made by the testator was based upon an erroneous assumption, the will must be given effect according to its clear terms.

Smith vs. Smith, 113 Md. 496, 501 and fol.

The law is clear that, in construing a will the Court must ascertain and carry out the intention of the testator, but that intention is the one expressed in the will. The question is not what the testator meant, but simply what is the meaning of the words to be used.

Schapiro vs. Howard, 113 Md. 360 fol.

Smith vs. Smith, supra.

I have thus expressed my views as to the correct construction of the language of the will in dispute in order to save the necessity for a further hearing, if that can be avoided.