BOSTON SAFE DEPOSIT AND TRUST COMPANY, trustee, *vs.* EUDORA M. DOOLAN & others.

Suffolk.   May 7, 1940. — November 2, 1940.

Present: FIELD, C.J., LUMMUS, DOLAN, COX, & RONAN, JJ.

*Devise and Legacy*, To individuals or class, Per capita.  *Words*, "Between," "Equally divided," "Share and share alike."

Under a will establishing a trust to pay the income to certain relatives of the testator for their lives, the principal upon the death of the survivor of them "to be equally divided between" two named charities "and any child or children of any of . . . [certain life beneficiaries] then living, share and share alike," such children then living were not to take merely a one-third share as a class, but each was to take *per capita* with the others and with the charities.

PETITION, filed in the Probate Court for the county of Suffolk on August 3, 1939.

The case was heard by *Dillon*, J.

*H. W. Hardy*, stated the case.

*A. S. Allen*, (*O. S. Allen* with him,) for the respondents Doolan and another.

*H. W. Brown*, (*E. G. Fischer* with him,) for Massachusetts Society for the Prevention of Cruelty to Animals.

*W. L. Van Kleeck*, for Massachusetts Bible Society.

DOLAN, J.  This is a suit in equity in which the petitioner, as it is trustee under the will of Cordelia H. Wheeler, seeks instructions as to the distribution of the trust estate held by it under the will of the testatrix.  The case was heard by the judge upon an agreed statement of facts, and now comes before us on the appeal of the respondents Eudora M. Doolan and Jessie A. M. Lee from the decree entered by the judge.

The testatrix, Cordelia H. Wheeler, died on January 7, 1918, leaving a will dated July 26, 1902, and a codicil thereto dated November 16, 1912.  These instruments were duly proved and allowed.  The testatrix's heirs at law as set forth in the petition for probate were a half sister, a nephew and five nieces.  The sixth, seventh and eighth articles of the will provide as follows:  "Sixth. I give, devise and bequeath to my nieces Estelle Pratt Fay and Jennie Pratt Day, both of Athol, Massachusetts, Alice Gertrude Alexander, Ada Alexander, Imogene Alexander Benson, and to my nephew Frank E. Alexander, all of Omaha, Nebraska, such sums of money as are deposited in my name for each of said nieces and nephew respectively in certain Savings Banks in Albany, New York.  Seventh. All the rest and residue of my estate of whatever nature, whether real, personal or mixed, and wheresoever the same may be situated, I give, devise and bequeath to said Frank E. Alexander, but in trust nevertheless for the following purposes; to take charge of, manage, care for, and control the same, and to do everything necessary touching my said estate to keep and husband the same, and after the payment of all necessary expenses, including the taxes, insurance and repairs on my said house while the same is occupied by my sister as aforesaid, to pay the net income at such times as he deems advisable, but at least once a year to the following persons in the proportions indicated; two seventh parts to my sister Annlany P. Goodyear, one seventh part each to Estelle Pratt Fay, Jennie Pratt Day, Frank E. Alexander, Alice Gertrude Alexander and Ada Alexander; in case of the death of any of the above named beneficiaries, the survivors to take his or her part of said income pro

rata, except in case of the death of any beneficiary leaving children, in which case said children shall take the share of their parent; in case of the death of my said sister, my said house, or the proceeds thereof if it seems best to my said trustee to sell the same, in which case I hereby authorize my said trustee to make a sale and give proper deed or deeds without application to any Probate Court, shall be held subject to the above trust. This trust shall continue until the death of the last survivor of the above named six beneficiaries, viz. Annlany P. Goodyear, Estelle Pratt Fay, Jennie Pratt Day, Frank E. Alexander, Alice Gertrude Alexander and Ada Alexander. Eighth. After the death of the last survivor of the six beneficiaries last named, I give devise and bequeath all my property then remaining in the hands of my said trustee to be equally divided between the Massachusetts Society for the Prevention of Cruelty to Animals, the Massachusetts Bible Society, and any child or children of any of my said nephews or nieces then living, share and share alike."

The life beneficiaries were a "sister," a nephew and four nieces of the testatrix. The last survivor of them, Ada Alexander, died on March 5, 1939, leaving no issue and the trust estate then became distributable. Estelle Pratt Fay died January 1, 1920, survived by one child, the respondent Doolan. Annlany P. Goodyear, Frank E. Alexander and Alice Gertrude Alexander left no issue. Jennie Pratt Day, though named in the petition for probate as a niece and heir at law of the testatrix, in fact had predeceased her (on October 8, 1905) leaving three children, of whom the respondent Lee is one. The two other children of Jennie Pratt Day predeceased the last survivor of the life beneficiaries, one leaving no issue, and the other leaving two children, the respondents Kenneth V. McFarland and Philip E. McFarland. These two great grandnephews of the testatrix did not appear in the proceedings and the petition was taken as confessed against them. The judge entered a decree that the trust estate was to be distributed "One third to Massachusetts Society for the Prevention of Cruelty to Animals, one third to Massachusetts Bible

Society, one sixth to Eudora M. Doolan, and one sixth to Jessie A. M. Lee." The respondents Doolan and Lee contend that the trust estate should be distributed one fourth to each of them and one fourth to each of the respondent societies.

It is the general rule that, where bequests are made to one or more named persons and to the children of another or others, the persons entitled will take *per capita* in the absence of anything to show a contrary intent. *Hardy* v. *Roach*, 190 Mass. 223, 224. *Leslie* v. *Wilder*, 228 Mass. 343. This rule is generally recognized elsewhere. *Estate of Fisk*, 182 Cal. 238, 241–246. *Neil* v. *Stuart*, 102 Kans. 242, 244. *Courtenay* v. *Courtenay*, 138 Md. 204, 208. *Garnier* v. *Garnier*, 265 Penn. St. 175, 180. *Perry* v. *Brown*, 34 R. I. 203, 228. See also cases cited in 16 Am. L. R. 83; 31 Am. L. R. 805; 78 Am. L. R. 1407; 69 C. J. 296.

The word "children" describes and identifies the respondents Doolan and Lee as definitely as if they had been actually named. *Weston* v. *Foster*, 7 Met. 297, 300. *Barton* v. *Bigelow*, 4 Gray, 353, 355. *Balcom* v. *Haynes*, 14 Allen, 204, 205. *Leslie* v. *Wilder*, 228 Mass. 343, 345.

In *Leslie* v. *Wilder*, 228 Mass. 343, the testatrix provided that the income of the residue of her estate should be paid to her sister during her life and that upon her death the trust estate should be divided in equal shares between Willie Wilder, the children of Ella Roper Phillips, and the children of the late George S. Roper, share and share alike. The provisions of the will resemble very closely those in the present case. In the *Leslie* case six children of Ella Roper Phillips and three children of George S. Roper were living when the trust terminated, and the court held that a construction of the will that Willie Wilder was entitled to one third of the trust estate could not be adopted; that the legatees who were referred to as children, not as heirs, were to share and share alike, and that the naming of their respective parents was only for the purpose of identifying the persons who were to take. Accordingly a distribution was ordered to be made *per capita*, that is, in ten parts. See *Hardy* v. *Roach*, 190 Mass. 223; *Lugar* v. *Harman*,

1 Cox Ch. 250; *Butler* v. *Stratton,* 3 Bro. Ch. 367; *Van Gallow* v. *Brandt,* 168 Mich. 642.

The respondent societies contend that several circumstances take the case out of the general rule and distinguish it from the case of *Leslie* v. *Wilder,* 228 Mass. 343. They submit that the following factors, namely (1) a different time of vesting between the gifts to the societies and those to the surviving children of the deceased nephew and nieces of the testatrix; (2) the different degrees of relationship among the legatees of the remainder; (3) the use of the word "between" instead of the word "among"; (4) other clauses of the will, and (5) the use of the words "equally divided" and "share and share alike," all operate to require a construction that the testatrix intended that the surviving children of the life beneficiaries should take as a class and not *per capita* with the societies named. We do not concur in this contention.

Under the familiar rule the intent of the testatrix is to be ascertained by a consideration of the will as a whole in the light of the circumstances under which it was executed. When so ascertained the intent must be given effect unless some positive rule of law prevents.

The respondent appellants Doolan and Lee were in being at the death of the testatrix and since they survived the termination of the trust their interests became vested as to right of possession at the same point of time as did those of the societies. That the societies could claim no kinship to the testatrix whereas Doolan and Lee were her grand-nieces and there was thus a difference in the relationship of the parties does not prevent the application of the general rule. *Hill* v. *Bowers,* 120 Mass. 135. *Hardy* v. *Roach,* 190 Mass. 223. *Leslie* v. *Wilder,* 228 Mass. 343. *Farmer* v. *Kimball,* 46 N. H. 435, 437. *Estate of Rauschenplat,* 212 Cal. 33. *Van Gallow* v. *Brandt,* 168 Mich. 642. The use of the word "between" in the eighth article of the will instead of the word "among" is not conclusive. The word "between" when the general intention appears to require it has sometimes been held to have the same sense as "among." *Farmer* v. *Kimball,* 46 N. H. 435, 437, and cases

cited.   See also *Shattuck* v. *Wall*, 174 Mass. 167, 169; *Estate of Fisk*, 182 Cal. 238, 240; *Morley* v. *Bird*, 3 Ves. 628, 631; *Rogers* v. *Morrell*, 82 S. C. 402; *Courtenay* v. *Courtenay*, 138 Md. 204; *Kling* v. *Schnellbecker*, 107 Iowa, 636; *Myres* v. *Myres*, 23 How. Pr. 410, 415.   "It is familiar law that the grammatical construction, or the order of particular sentences, is never allowed to defeat the general intention of the testator, as clearly manifested by all the provisions of the will taken as a whole."   *Metcalf* v. *First Parish in Framingham*, 128 Mass. 370, 376–377.   *Miller* v. *Parish of the Epiphany, Winchester*, 302 Mass. 323, 326, and cases cited.   It is argued by the societies that the seventh article of the will tends to indicate that the testatrix intended the surviving children of the life beneficiaries to take as a class and not *per capita*.   We think, however, that a careful reading of this article of the will, together with all the other provisions of the will, does not support that conclusion, and that there are no words in the will or any attendant circumstances to take the case out of the general rule.

The words "equally divided" and "share and share alike" may well be compatible with a *per stirpes* distribution otherwise clearly indicated, but in the absence of language in the will tending to show a different intent, these words import that a distribution is to be made *per capita*. *Morrill* v. *Phillips*, 142 Mass. 240.   *Proctor* v. *Lacy*, 263 Mass. 1.   See *Daggett* v. *Slack*, 8 Met. 450; *Shattuck* v. *Balcom*, 170 Mass. 245.   In *Shattuck* v. *Wall*, 174 Mass. 167, at page 169, it is said: "The words 'share and share alike' are words indicating a severance of interests.   They and the words 'equally,' 'equally to be divided between them,' 'equally amongst them,' and similar phrases and words have all been held to create tenancies in common."

The case of *Balcom* v. *Haynes*, 14 Allen, 204, is distinguishable from the present case since in the *Balcom* case the bequest was to the testator's brothers, A, B and C and his sisters D and E and "the heirs" of F, to be equally divided between them.   The decision in that case that the heirs of F were to take *per stirpes* is in accord with the established

"rule of testamentary construction that a devise to heirs 'designates not only the persons who are to take, but also the manner and proportions in which they are to take.' *Daggett* v. *Slack*, 8 Met. 450." *Allen* v. *Boardman*, 193 Mass. 284, 286, 287, 288, and cases cited.

Reading the will as a whole in the light of the circumstances known to the testatrix when it was executed, we are of opinion that it was her intention that upon the termination of the trust the then surviving children of the life beneficiaries were not to take as a class, but were to take *per capita* with the societies.

The decree entered in the Probate Court is reversed, and instead a final decree is to be entered that the trust estate is to be distributed as follows: One fourth to the Massachusetts Society for the Prevention of Cruelty to Animals, one fourth to the Massachusetts Bible Society, one fourth to Eudora M. Doolan and one fourth to Jessie A. M. Lee.

*Ordered accordingly.*