WILLIAM F. CROSS & others *vs.* THOMAS FRANK CROSS & others.

Norfolk.   January 3, 1949. — April 7, 1949.

Present: QUA, C.J., LUMMUS, WILKINS, SPALDING, & WILLIAMS, JJ.

*Joint Tenants.   Tenants in Common.   Real Property*, Joint tenancy, Tenancy in common.   *Devise and Legacy*, What estate, Survivorship. *Words*, "Share and share alike."

By a provision in the will of a father giving, subject to a life estate in certain realty to a daughter who survived· him, all his property to two named sons, who both survived him, "share and share alike, or to the survivor of them," the sons under G. L. (Ter. Ed.) c. 184, § 7, became vested at the testator's death with a remainder in such realty as tenants in common in equal shares and not as joint tenants.

---

[1] A copy of this agreement was in evidence.

PETITION for partition, filed in the Probate Court for the county of Norfolk on January 7, 1948.

The case was heard by *Reynolds,* J.

*L. H. Miller,* for the respondents, submitted a brief.

*G. P. Love, Jr.,* (*A. R. Lucid* with him,) for the petitioners.

WILKINS, J.   This petition for partition of real estate presents the question whether a tenancy in common or a joint tenancy was created by the will of Patrick Cross. The will, after giving a life interest in the real estate to the testator's daughter, Margaret, provides: "Seventh: To my son Thomas . . . and to my son William . . . share and share alike, or to the survivor of them, all of my estate whether the same be real, personal or mixed and whereso-ever located, subject, however, to provision No. 6 . . . for my daughter Margaret."   The testator died on April 23, 1928.   William died intestate on March 12, 1933, leaving a widow and two children, who are the petitioners.   Thomas died testate on November 3, 1940, devising his interest to four children, who are the respondents.   Margaret died on September 10, 1947.   The foregoing appears in a voluntary report of the material facts made by the judge, who ruled that, at the death of the testator, Thomas and William became vested with a remainder in equal shares as tenants in common.   From a decree ordering partition by sale the respondents appealed, and filed a request for a report of the material facts under the statute.   G. L. (Ter. Ed.) c. 215, § 11, as amended by St. 1947, c. 365, § 3.   The judge, stating that he did so at the request of the respondents, amended his voluntary report of the material facts by adding: "No oral testimony was offered.   All findings of facts, contained herein, were agreed to by the parties, and [the report] includes all evidence submitted to the Court."   A decree was entered denying the request for a report, and the respondents again appealed.   *Sullivan* v. *Sullivan,* 320 Mass. 114.

The respondents have not argued the latter appeal. In any event they were not harmed.   The amended report contains everything which was before the court, and is the

equivalent of a report under the statute. The question open on the appeal from the decree for partition is whether on the findings reported, the decree was rightly entered. *Jose* v. *Lyman*, 316 Mass. 271, 277, and cases cited.

It is provided in G. L. (Ter. Ed.) c. 184, § 7: "A conveyance or devise of land to two or more persons . . . shall create an estate in common and not in joint tenancy, unless it is expressed in such conveyance or devise that the grantees or devisees shall take jointly, or as joint tenants, or in joint tenancy, or to them and the survivor of them, or unless it manifestly appears from the tenor of the instrument that it was intended to create an estate in joint tenancy." The purpose of this statute was to change the rules of construction of the language used in conveyances and devises of real estate, so that thereafter, where there was no expression of a contrary intent, the presumption was of the creation of a tenancy in common, instead of a joint tenancy as at common law. *Hoag* v. *Hoag*, 213 Mass. 50, 52. Since 1785 in this Commonwealth a conveyance or devise to several always creates a tenancy in common unless the deed or the will expressly provides for a joint tenancy. St. 1785, c. 62, § 4. Rev. Sts. c. 59, §§ 10, 11. Gen. Sts. c. 89, §§ 13, 14. Pub. Sts. c. 126, §§ 5, 6. R. L. c. 134, § 6. *Burnett* v. *Pratt*, 22 Pick. 556, 557. "Joint tenancy and its doctrine of survivorship are not in harmony with the genius of our institutions, nor are they much favored in law." *Park* v. *Parker*, 216 Mass. 405, 407. See *Bernatavicius* v. *Bernatavicius*, 259 Mass. 486, 490; *Pineo* v. *White*, 320 Mass. 487, 490. Nevertheless, when it plainly appears from the deed or will that the grantor or testator intended that the survivors should take the whole, effect will be given to such intention. *Frost* v. *Courtis*, 167 Mass. 251, 253.

The respondents' contention is that the gift to the sons, "share and share alike, or to the survivor of them" has substantially the same meaning as the statutory exception, "to them and the survivor of them." They argue that the testator's words are appropriate for the creation of a joint tenancy, and that at his death Thomas and William became

vested with a remainder as joint tenants. We cannot adopt this argument. To begin with, the expression "share and share alike," standing alone, would create a tenancy in common. *Emerson* v. *Cutler,* 14 Pick. 108, 114. *Shattuck* v. *Wall,* 174 Mass. 167, 169–170. *Kruger* v. *John Hancock Mutual Life Ins. Co.* 298 Mass. 124, 129. *Boston Safe Deposit & Trust Co.* v. *Doolan,* 307 Mass. 233, 238. Jarman, Wills (7th ed.) 1768–1769. The general principle being that a will speaks as of the time of the testator's death (*Ball* v. *Holland,* 189 Mass. 369, 373; *McInnes* v. *Spillane,* 282 Mass. 514, 516; *Bamford* v. *Hathaway,* 306 Mass. 160, 161; *Mills* v. *Blakelin,* 307 Mass. 542, 544), we think that the purpose of the later words "or to the survivor of them" was to provide for the contingency where only one son might be living at that time. In such case the surviving son was to take all. *Galloupe* v. *Blake,* 248 Mass. 196, 199. As both sons were then living, the controlling words are those creating a tenancy in common, and the sons took equally. *Parkhurst* v. *Jonsberg, ante,* 66, 70. *Lord Bindon* v. *Earl of Suffolk,* 1 P. Wms. 96. *Stringer* v. *Phillips,* 1 Eq. Cas. Abr. 293. *Stones* v. *Heurtly,* 1 Ves. Sr. 164. *Perry* v. *Woods,* 3 Ves. 204. *Russell* v. *Long,* 4 Ves. 551. *Ashford* v. *Haines,* 21 L. J. Ch. 496. Jarman, Wills (7th ed.) 1771. See *Gaunt* v. *Stevens,* 241 Ill. 542. That the time to which survivorship refers must be the death of the testator is clear from the fact that the testator's personal property, consisting of a savings bank deposit, was given outright to the sons by the same words.

The interpretation we adopt gives effect to all the language. See *Jewett* v. *Brown,* 319 Mass. 243, 248. The construction urged by the respondents gives inadequate effect to the expression "share and share alike," which they contend merely indicates that the "devisees are to take in equal shares as joint tenants." Thus construed, the phrase would be entirely superfluous. If Thomas and William had taken as joint tenants, and nothing had been said as to the aliquot portion of their interests, they would have been equally entitled. See *Varnum* v. *Abbott,* 12 Mass. 474, 476; *Attorney*

*General* v. *Clark*, 222 Mass. 291, 293–294; Tiffany, Real Property (3d ed.), § 418; 14 Am. Jur., Cotenancy, § 8.

This is not a case where "it manifestly appears from the tenor of the instrument that it was intended to create a joint tenancy." A general intent to override the words "share and share alike" cannot be deduced from the other paragraphs of the will, which contain nothing more than statements that the failure to provide for certain children and grandchildren was intentional. Compare *Jackson* v. *Roberts*, 14 Gray, 546, 551. In *Stimpson* v. *Batterman*, 5 Cush. 153, relied upon by the respondents, the devise was to unnamed children as a class "and survivor or survivors of them," while "share and share alike" or a phrase of similar import was lacking.

The decree is affirmed. Costs and expenses of appeal are to be in the discretion of the Probate Court.

*So ordered.*