Hillsborough, Dec. 6, 1949. Mar. 7, 1950. } No. 3860.

CECILE GAGNON *v.* ALVINE PRONOVOST & a.

*Chretien & Craig (Mr. Chretien* orally), for the plaintiff.

*Cooper, Hall & Cooper (Mr. Burt R. Cooper* orally), for the defendants.

LAMPRON, J. This bill in equity to remove a cloud on title presents the question whether a joint tenancy or a tenancy in common was

created by the deed. If the former, the plaintiff prevails and the appeal is dismissed; if the latter, the defendants prevail to the extent of an undivided one half interest in common and the appeal is granted. The controlling statute (R. L., c. 259, s. 17) provides: "Tenants in Common. Every conveyance or devise of real estate made to two or more persons shall be construed to create an estate in common and not in joint tenancy, unless it shall be expressed therein that the estate is to be holden by the grantees or devisees as joint tenants, or to them and the survivor of them, or unless other words are used clearly expressing an intention to create a joint tenancy."

The purpose of the statute was to require that the intention to create a joint tenancy should be clearly expressed. Laws 1830, Title XX; *Stilphen v. Stilphen*, 65 N. H. 126, 138. The use of the phrase "and to the survivors of them" in the clause of the deed which recites the consideration and names the grantees is too sketchy and speculative to comply with the statutory requirement of a clear expression to create a joint tenancy. In no other clause of the deed is there words which suggest any estate other than a tenancy in common. It is difficult to believe that the quoted phrase can qualify as an expression that the estate is "to be holden by the grantees . . . as joint tenants, or to them and the survivor of them." At most it was an obscure and inaccurate use of the statutory language and consequently insufficient to come within the statute.

While we are not bound by technical common law rules of construction (*Therrien v. Therrien*, 94 N. H. 66), we are not committed to a rule that may discourage the use of accurate and clear expressions in legal instruments. The phrase used in this case and its location in the deed is more indicative of lack of comprehension on the part of the draftsman as to the effect of the words used than it is indicative of an intent and purpose to create a joint tenancy. The deed created a tenancy in common and the order must be

*Exceptions sustained.*

JOHNSTON, C. J. and KENISON, J., dissented: the others concurred.

KENISON J., *dissenting:* The quoted statute as construed in this state is not a legislative expression of hostility to the creation of joint tenancies for "the purpose of the statute is not to forbid or prevent the creation of estates in joint tenancy but to make certain that effect is given to the intention of the grantor." *Roaf v. Champlin*, 79 N. H.

219, 221. If a joint tenancy is intended, it will be so construed even though it is contrary to common law rules of construction. *Therrien* v. *Therrien*, 94 N. H. 66. "It has been many years since the technicalities of real estate conveyancing have been much regarded here." *Newmarket Mfg. Co.* v. *Nottingham*, 86 N. H. 321, 324.

Upon analysis it appears that the statute provides three ways to create a joint tenancy. The first method is an express statement in the deed that the grantees shall take as joint tenants. The second method calls for express statement of the grantees "and the survivor of them." The third method is the use of any other words "clearly expressing an intention to create a joint tenancy." The deed in question is not within the first and third methods enumerated above. The question remains whether it is a substantial compliance with the second.

There is considerable authority for the proposition that the use of the word "survivor" or "survivors" in deeds and wills is sufficient to negative the statutory presumption of a tenancy in common. 2 Tiffany, Real Property (3d *ed.*) *s.* 424; *Blaine* v. *Dow*, 111 Me. 480; *Weber* v. *Nedin*, 210 Wis. 39; *Armstrong* v. *Hellwig*, 70 S. D. 406; . *Slater* v. *Gruger*, 165 Ill. 329; *Michael* v. *Lucas*, 152 Md. 512. "There is no substantial difference between deeding or devising land to two persons and the survivor of them, and deeding or devising land to two persons to be held in joint tenancy." 4 Thompson, Real Property (Perm. *ed.*) *s.* 1790. In Massachusetts, which has a statute similar to ours, it appears that words of survivorship in the singular or the plural will create a joint tenancy in the absence of other limiting or qualifying phrases. *Stimpson* v. *Batterman*, 5 Cush. (Mass.) 153; *Cross* v. *Cross*, (Mass.), 85 N. E. (2d) 325, 328. The recent case of *Mulvanity* v. *Nute*, 95 N. H. 526, is consistent with the cited cases in holding that such words of survivorship are an incident of a joint tenancy.

It may be conceded that the deed in dispute is not a model form to create a joint tenancy and that the notary public who prepared it was not a model draftsman. That is not fatal, however, if it can be fairly said that the intent was expressed in reasonably clear terms. "If the intent to create a right of survivorship is expressed, it is to be given effect." *Burns* v. *Nolette*, 83 N. H. 489, 496. The defendants argue that there can be no "survivors" of two grantees and that this is not the singular use of the word provided by the statute. We are content with the construction placed upon the word by the Trial Court as a substantial compliance with the statute. "The law has outgrown its

primitive stage of formalism when the precise word was the sovereign talisman, and every slip was fatal." *Cardozo, J., Wood* v. *Duff-Gordon,* 222 N. Y. 88, 91. It is a well established rule in this state in considering written instruments and pleadings that their expressed intent will be enforced even though inarticulately worded. *Geers* v. *Geers,* 95 N. H. 316, 317.

Objection is made that the words of survivorship do not appear in other parts of the deed and are therefore ineffective. The relative weight to be given words appearing in different sections of the deed as developed at common law has never been followed in this jurisdiction. The intent of the grantor is to be gathered from all parts of the deed without resorting to presumptions of law in determining their effect. It is finally suggested that the construction placed upon this deed discourages clearness of expression and the better forms of conveyancing. This argument has been considered many times in the last half a century but it has not been considered as important as the principle of carrying out the expressed intent of written documents regardless of the method of their expression. Lawyers and judges sometimes have difficulty when they attempt to make a fortress out of the dictionary and we should impose no higher standards upon the layman. See *Marvin* v. *Peirce,* 84 N. H. 455, 460.

JOHNSTON, C. J., concurs in this opinion.

ON REHEARING. After the foregoing opinion was filed, the plaintiff moved for rehearing on the ground that "the majority opinion of the Court . . . has failed to consider sufficiently the intention of the parties to the deed under consideration, by sustaining the defendants' exceptions to the decree of the Trial Court without qualification, and ruling that, as a matter of law, the deed in question created only a tenancy in common, without giving an opportunity to the plaintiff to present evidence as to the facts and circumstances existing at the time of and surrounding the drawing up of the deed. . . . "

Argument was invited on the issue of plaintiff's right to have considered evidence of the surrounding facts and circumstances.

*Chretien & Craig (Mr. Chretien* orally), for the plaintiff.

*Cooper, Hall & Cooper (Mr. Burt R. Cooper* orally), for the defendants.

LAMPRON, J. The majority opinion of this court held that the deed

in question created a tenancy in common and sustained defendants' exceptions. The Trial Court in addition to its ruling that this deed created a joint tenancy in the grantees also ruled "that the meaning of the deed being evident from the deed itself no additional evidence on behalf of either party will be admitted to show the intent of the parties in connection with the type of tenancy created." The question of the admissibility of such evidence is the subject matter of this rehearing.

It is true generally that "in this state, the interpretation of any grant, statutory, contractual or testamentary, consists in the ascertainment of intention and that the question of intention is one of fact to be determined upon all the competent evidence available." *Hogan* v. *Lebel*, 95 N. H. 95, 97; *Amoskeag Trust Co.* v. *Haskell, ante*, 89.

However, if R. L., c. 259, s. 17 means anything, it must necessarily mean that to create a joint tenancy the grantor or testator must not only intend to create such an estate, he must, moreover, express this intention in his deed or will, either by the use of the words set out in said section, or by using other words clearly expressing his intention. *Pierce* v. *Baker*, 58 N. H. 531; *Short* v. *Milby*, 64 A. 2d. 36 (Del.); *Cross* v. *Cross*, 85 N. E. 2d 325 (Mass.). See *Roaf* v. *Champlin*, 79 N. H. 219, 223.

This cardinal rule employed in the construction of a deed or a will, the ascertainment of the intent of the grantor or testator, is therefore necessarily qualified by the above section of our Revised Laws. *Eaton* v. *Straw*, 18 N. H. 320, 323; *Taylor* v. *Taylor*, 310 Mich. 541; *State* v. *Hostetter*, 344 Mo. 665. By virtue thereof the grantor or testator must not only intend to create a joint tenancy, the instrument by which he creates it must express his intention so to do in clear and definite language. *Pierce* v. *Baker, supra; Spark* v. *Brown*, 167 Kan. 159; *Short* v. *Milby, supra; Cross* v. *Cross, supra.*

Consequently in the opinion of a majority of the court the admission of evidence as to the facts and circumstances existing at the time of and surrounding the drawing of this deed, no matter how crystal clear it may be as to the grantor's intent to create a joint tenancy, would serve no useful purpose in this case, for it cannot alter the fact that he failed to express this intention in the deed in clear language as required by said section 17. If he had there would be no need for extraneous evidence to determine what kind of estate the deed creates.

*Former result affirmed.*

Mar. 7, 1950.