NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-711

PETER M. LEO

vs.

NORMAN E. LEO.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The defendant appeals from a Probate and Family Court judge's order allowing a special master's motion to approve the accounting for the sale of a property in the city of Quincy. The defendant, who is self-represented, argues that he and the plaintiff (his brother), along with their late mother, held the property as joint tenants and not as tenants in common.[1]  Because we agree with the judge that the property was held as tenants in common, we affirm.

Background.  This case concerns a two-family residential home previously owned by the parties' parents (the property).

_____

[1] The plaintiff brought this action in his capacity as testamentary trustee of the estate of the parties' mother, Norma Leo.

In 1988, their mother deeded the property to herself, the plaintiff, and the defendant. The deed states the following: "I, Norma Leo . . . grant to Norma Leo, fifty (50%) percent, Norman E. Leo [the defendant], twenty-five (25%) percent and Peter M. Leo [the plaintiff], twenty-five (25%) percent, as joint tenants, of [the property]."

The parties' mother passed away on December 1, 2018. In her will, she named the plaintiff as personal representative and testamentary trustee. She also identified the parties as her beneficiaries to take in equal shares.

The plaintiff began proceedings to probate their mother's estate, but the defendant refused to cooperate in the sale of the property. The defendant contended that because the property was deeded to "joint tenants," the plaintiff erred in including the estate's fifty-percent interest in the property in the schedule of real estate filed with the probate court. The defendant believed that the plaintiff brought the deed to probate to deprive the defendant of his fair share. Despite the defendant's interference, the plaintiff found a buyer for the property in 2019. The defendant's refusal to sign the purchase and sale agreement doomed the transaction. The plaintiff subsequently filed the present action for partition.

During the action, the parties executed two stipulations -- both of which were made orders of the court -- that mandated the

2

sale of the property. The defendant reneged on both stipulations. During this time, the plaintiff claimed that the defendant refused to execute a new purchase and sale agreement with a prospective buyer. Additionally, the plaintiff claimed that the defendant's wife made statements to the real estate broker handling the sale that the plaintiff interpreted as threats to his and his wife's lives. After these alleged threats, the plaintiff filed an emergency motion to appoint a special master to handle the sale of the property. The judge allowed this motion.

The special master sold the property in March 2023 for $680,000.00. Until the sale, the plaintiff paid tax, utility, insurance, and maintenance costs for the property, totaling over $32,000. The plaintiff also incurred $18,686.32 in legal fees in this partition action.

The defendant received $128,843.69, representing a twenty-five percent share of the property after deducting closing and other sale expenses, special master costs, less adjustments for other sums advanced by the plaintiff (legal fees, tax, utility, insurance, and maintenance expenses). The plaintiff received $209,750.82, representing a twenty-five percent share of the property, plus maintenance and legal costs incurred during the partition action. The estate received $295,060.01, representing a fifty percent share of the property minus a pro rata share of

3

the property's maintenance costs.  As dictated by the mother's last will and testament, the plaintiff and the defendant are each entitled to a fifty percent share of the estate's assets once the estate is probated.

Discussion.  1.  Coownership of the property.  "A joint tenancy is a form of coownership arising under the common law and characterized by the right of survivorship."  Battle v. Howard, 489 Mass. 480, 483 (2022).  "Joint tenants hold a single estate in the property during their lifetimes," and "[u]pon the death of [another] joint tenant . . . ownership of the property automatically vests in the surviving tenant[s]."  Id. at 483-484.

Joint tenancies are disfavored in Massachusetts law.  See Battle, 489 Mass. at 484.  "A joint tenancy is created under the instrument of purchase or devise under which the joint tenants take title."  Id.  "The creation and maintenance of a joint tenancy depends on the existence of four 'unities':  the unity of interest, the unity of title, the unity of time, and the unity of possession" (citation omitted).  Id.  "In sum, a joint tenancy exists so long as the coowners 'have one and the same interest, accruing by one and the same conveyance, commencing at one and the same time, and held by one and the same undivided possession.'"  Id., quoting 2 H.T. Tiffany, Real Property § 418, at 196 (1939).  If a conveyance purports to create a joint

4

tenancy but violates one of the four unities, the conveyance is presumed to create a tenancy in common. See Cross v. Cross, 324 Mass. 186, 188-189 (1949).

Here, the 1988 deed granted a fifty percent interest to the parties' mother, and a twenty-five percent interest each to both the plaintiff and the defendant. The deed's conveyance of different interests to the three grantees violated the unity of interest. See Battle, 489 Mass. at 484. Therefore, despite the deed's reference to a joint tenancy, the deed created a tenancy in common and allocated the grantees' ownership interests according to the interests outlined in the document -- fifty percent to the parties' mother and twenty-five percent to each of the parties. See Cross, 324 Mass. at 188-189. The judge did not err by treating the parties' coownership of the property as a tenancy in common.

2. Appellate fees and costs. The plaintiff has requested an award of appellate attorney's fees because the appeal is frivolous. "An appeal is frivolous '[w]hen the law is well settled, when there can be no reasonable expectation of a reversal.'" Avery v. Steele, 414 Mass. 450, 455 (1993), quoting Allen v. Batchelder, 17 Mass. App. Ct. 453, 458 (1984).

Here, the defendant's insistence that he, the plaintiff, and their mother held the property as joint tenants was frivolous. The relevant law is well settled. See Knapp v.

5

<u>Windsor</u>, 6 Cush. 156, 160-161 (1850) ("the properties of a joint [tenancy] derived from its unity, which is fourfold:  1st. unity of interest; 2d. of title; 3d. of time; 4th. of possession").[2] Accordingly, the plaintiff may file an application for appellate attorney's fees and costs within fourteen days of the issuance of this decision.  The defendant shall have fourteen days thereafter to respond.  See <u>Fabre</u> v. <u>Walton</u>, 441 Mass. 9, 10-11 (2004).[3],[4]

<u>Conclusion</u>.  We affirm the judge's order allowing the

---

[2] While we are not insensitive to challenges faced by self-represented litigants, we hold them to the same standards as litigants represented by counsel.  See <u>Davis</u> v. <u>Tabachnick</u>, 425 Mass. 1010, cert. denied, 522 U.S. 982 (1997); <u>Pandey</u> v. <u>Roulston</u>, 419 Mass. 1010, 1010 (1995) ("The fact that the plaintiff is pro se does not excuse him from compliance with relevant rules of substantive and procedural law").

[3] The defendant's request for attorney's fees and other damages is denied.

[4] As to the defendant's other arguments, we have reviewed them all and determined that they do no merit further discussion.  See <u>Commonwealth</u> v. <u>Domanski</u>, 332 Mass. 66, 78 (1954) ("Other points, relied on by the defendant[] but not discussed in this [decision], have not been overlooked.  We find nothing in them that requires discussion").

6

special master's motion to approve accounting for the sale of the property.[5]

So ordered.

By the Court (Sacks, Hershfang & Tan, JJ.[6]),

*Paul Little*

Clerk

Entered:  June 30, 2025.

---

[5] We deny the defendant's motion to include the special master at oral argument as the issue is moot.  We also deny the defendant's motion for nonreceipt of replacement of check after bequest of Judge Peterson to return the check without prejudice; the defendant may seek that relief in the Probate and Family Court.

[6] The panelists are listed in order of seniority.